## WYCOFF V. PURNELL.

1. ACTION BY ONE PARTNER AGAINST HIS COPARTNER. A partner can maintain an action at law against his copartner upon an amount found to be due upon a settlement and account stated of copartnership business.

2. SAME: ALLEGATIONS. In an action by a partner against his copartner, to recover a sum due as on settlement and account stated, the petition should show fully the character of the settlement of the partnership business, and must show that the copartnership between them is ended and that the account between them as partners is no longer a matter of controversy.

### *Appeal from Lee District Court.*

### FRIDAY, APRIL 6.

In February, 1857, plaintiff and defendant formed a copartnership in the grocery and provision business in the city of Keokuk, each of said partners agreeing to furnish his share of the capital stock and share equally in the profits of their firm business. The copartnership thus formed was dissolved in December 1857. The stock in trade was sold and placed to the credit of plaintiff on the partnership account. The plaintiff in his petition avers that the defendant failed to furnish his share of the capital for the said firm; that he drew out of the said firm more than his just share of the profits, and that upon a settlement and account stated between plaintiff and defendant there was due from defendant to plaintiff the sum of eleven hundred and nine dollars, for which sum the plaintiff sues. Defendant demurred to plaintiff's petition, which demurrer was sustained by the court and judgment entered thereon, from which plaintiff appeals.

*Noble & Strong* for the appellant.

While one partner can not maintain an action at law against his copartner to enforce a settlement of accounts, he may maintain such action to recover an amount found due him on settlement and account stated. Gow. on Part. (1 Am. ed.)

97, 98, 99, and cases there cited; *Smith* v. *Barrow*, 2 T. R. 476; *Foster* v. *Allenstan*, Ib. 479; *Rackstraw* v. *Imber*, Holt's N. P. C. 368; *Bond* v. *Hays*, 12 Mass. 34; *Wibley* v. *Phinney*, 15 Mass. 112, 116; Coll. Part. sections 276–280; 5 Mees. & W. 24; *Wray* v. *Millstone*, Ib. 21; *Williams* v. *Henshaw*, 11 Pick. 79; 19 Ib. 315; 4 Met. 556, 561; 5 Mass. 540; 19 Mo. 211; 13 Verm. 288; Story Eq. Jur. section 664; Story Part. sections 219–222 and cases there cited.

*Rankin, Miller & Enster* for the appellees.

The petition does not allege an account stated, because there is no allegation that plaintiff and defendant accounted together; or that there was any admission that there was a sum due plaintiff from defendant on account stated. As to sufficient allegations of account stated see 1 Saund. Pl. & Ev. 30–32.

BALDWIN, J.—The defendant demurred to the petition of plaintiff, and assigned as cause of demurrer, that the petition showed that it was a controversy for the settlement of partnership matters, and its subject matter was one of exclusive chancery cognizance; also that an action at common law would not lie for the matters and things set up in the petition.

It is contended by counsel for appellee, that one partner can not sue another at law for an unsettled account, and that chancery has exclusive jurisdiction of unsettled matters between partners. Upon this point there is no controversy.

But it is also claimed by appellant that the principle is fully and clearly settled that one partner can maintain an action at law against his copartner upon an amount found to be due him upon settlement, and account stated. We think the current of authorities show this to be the proper and settled rule. While in some courts it has been held, that upon a settlement of partnership accounts, an express promise to pay is essential to support an action, yet in most of

the States it has been held that where there has been a settlement and balance ascertained, the law itself will imply a promise to pay. Collyer on Partnership, sections 278, 279, 280, and note; Story Eq. Jur. section 644 and note.

Whether this is a suit at law to recover upon a promise by defendant, either express or implied to pay a balance ascertained to be due upon settlement, or a proceeding to recover an amount unliquidated between partners, must be determined by the language of the petition. It is averred in the petition that the partnership had been dissolved; that the property of the firm had been disposed of, and upon a settlement and account stated, there was due from the defendant to plaintiff the amount claimed in the petition.

We think that the plaintiff shows by his petition, under a fair and natural construction, a cause of action properly maintainable in a court of law. That while the petition is defective in not setting forth fully the character of the settlement of the partnership business, yet it shows also that the partnership was ended; that the account between the plaintiff and defendant, as partners, was no longer a matter of controversy; that the amount sued for had been agreed as due to plaintiff; which, if established by evidence the plaintiff had a right to recover.

Judgment reversed.