AULTMAN & Co. v. FULLER, WILLIAMS & Co.

1. **Partnership:** WHAT CONSTITUTES. Where two persons bought a threshing machine and gave their joint note therefor, under an agreement that it was to be used in doing custom work, in the profits and losses of which they were to share equally, it was held that they were partners in the purchase.

2. ———: FIRM PROPERTY: JUDICIAL SALE. Where a separate creditor of a partner levied upon and sold partnership property, without bringing an action to determine the partner's interest therein as provided by section 3054 of the Code, it was held that such sale was invalid as against a creditor of the firm who afterward levied upon the same property.

*Appeal from Buena Vista District Court.*

TUESDAY, MARCH 16.

ACTION in equity to set aside an execution sale of an undivided half of a threshing machine, and to determine the con-

flicting claims of the plaintiffs and defendants in relation to the same. The machine was owned by one Tierney and one Cook. The plaintiffs obtained a judgment against both, and the defendants obtained a judgment against Tierney alone. The plaintiffs caused execution to be levied upon the entire machine. The defendants caused execution to be levied upon an undivided half, as being the interest of Tierney. The whole machine was sold to plaintiffs under their execution, and an undivided half was sold to defendants under their execution, the sale to defendants being made first. The plaintiffs aver that Tierney and Cook were in partnership; that the machine was partnership property, and that their claim against them was a partnership debt. They also aver that there was no valid levy of the defendants' execution. The defendants for answer make a general denial. Other facts are stated in the opinion. The court dismissed the plaintiffs' petition and they appeal.

*Robinson & Milchrist*, for appellants.

*Chas. D. Goldsmith* and *J. D. Gurnee*, for appellees.

ADAMS, CH. J.—The machine in question was purchased of plaintiffs by Tierney and Cook, who gave therefor their 1. PARTNER-SHIP: what constitutes. four promissory notes. The plaintiffs' judgment against them was rendered upon three of the notes. The first question to be determined is as to whether Tierney and Cook were partners in the purchase of the machine, so as to make it partnership property.

Upon this point we have the testimony of Cook, who says that he and Tierney were partners; that as such they were to run the machine; that he was to furnish one team and a man, and Tierney two teams; that each was to furnish half of the work, and divide the profits and losses equally. This evidence is undisputed, and in our opinion it shows a partnership. It is true that in *Iliff v. Brazill*, 27 Iowa, 133, where two persons bought a threshing machine together, with a view to

operating it, they were held not to be partners but merely joint owners. What the precise facts were in that case does not appear. The statement is that the purchasers were farmers and neighbors, and bought the machine in common, giving a note signed by them individually. If they bought the machine for their individual use, it would seem quite clear that they did not buy it as partners. In the case at bar, there appears to have been an agreement to do a threshing machine business for the profits. It appears too that each was to furnish half the work; from which we infer that each might take contracts for work to be done by both, and bind both to perform the contracts. In holding that they must be deemed to have purchased as partners, there is no necessary conflict between such ruling and the ruling in the case above cited.

We have, then, a case where the defendants, as creditors of one of the partners only, levied upon partnership property 2. ———: firm for the purpose of collecting their debt. This property: judicial sale. they might do under a provision of the statute. Section 3053 of the Code provides that "when the officer has an execution against a person who owns property in partnership with another, such officer may levy on and take possession of the property owned    *    *    *    in partnership sufficiently to enable him to appraise and inventory the same."

The defendants by their levy, if regularly made, acquired a lien upon the interest of Tierney in the property. Code, section 3054. But his interest was not necessarily equivalent to an undivided half of the property. It might be more or less than that, and it might be nothing. His interest was equivalent to such fraction as would constitute his share in the property, after satisfying from the partnership assets all claims against the partnership, whether due to third persons or to his partner. But such interest of course was uncertain while the partnership affairs remained unsettled. Possibly it might be sold on execution notwithstanding its uncertainty. *Hubbard v. Curtis*, 8 Iowa, 1. It would seem certain that it could be, unless the remedy provided by section 3054 of

the Code is to be deemed exclusive of all other remedies. That section provides that where a debtor partner's interest in firm property is levied upon by his separate creditor, the interest may be ascertained by an action in equity, and the lien acquired by the levy may be enforced in such action. The defendants should, we think, have proceeded under that section. They sold, however, without the ascertainment of Tierney's interest. Whether the sale was void or not we need not determine. In purchasing at the sale they certainly acquired nothing more than Tierney's interest, as the same should appear after the partnership liabilities had been discharged. *Hubbard v. Curtis*, above cited. And the plaintiffs claim that such interest would be nothing.

The evidence shows that the machine constituted all the partnership property, and that it was not more than sufficient to discharge the plaintiffs' claim.

It is insisted by defendants, however, that even if this is so the plaintiffs have no priority over them.

It appears that the notes taken by the plaintiffs, upon which their judgment was rendered, were signed by Tierney and Cook individually, and the judgment was rendered against them individually. It is insisted by the defendants, therefore, that even if the machine was partnership property, the plaintiffs' claim is not a partnership claim.

If the machine was purchased by Tierney and Cook as partners, the purchase money in the outset was certainly due from them as partners. Nor do we think that the nature of the claim was changed by the manner in which the notes were given, or the judgment taken. As partners each was liable for the whole debt. The liability of each as expressed by the notes was the same. The liability of each under the judgment is the same.

It is finally insisted by the defendants that the plaintiffs' remedy, if any, is not in equity. But it should be remembered that the defendants had acquired a lien upon the property, which under the statute was enforceable in equity to the

extent of Tierney's interest, to be ascertained in an action in equity, if one should be instituted for that purpose. None, however, was instituted. In the meantime the plaintiffs, as partnership creditors, acquired by their levy an interest in the same property. They claim that the defendants have no rights in the property as against them. As the defendants' rights in the property, if any, could be determined and enforced only by an action in equity, which they neglected to bring, it appears to us that the plaintiffs should be allowed to maintain an action in equity to determine substantially the same question.

The plaintiffs aver that the defendants' levy was irregular and invalid. In the view which we take of the case its validity might be conceded.

In our opinion the court erred in dismissing the plaintiffs' petition.

REVERSED.