## McREYNOLDS v. McREYNOLDS *et al.*

1. **Equity Jurisdiction:** PARTNERSHIPS. Partnerships, and the question of their existence, are matters of which chancery has jurisdiction (*Aultman v. Fuller*, 53 Iowa, 60; *Richards v. Grinnell*, 63 Iowa, 44); and where such an issue is raised, it is not improper to transfer the cause to the chancery docket for determination.

2. **Continuance:** NO RULING ON MOTION: APPEAL. A continuance was asked on a showing of sickness, which was clearly insufficient. Afterwards additional affidavits were filed, but no ruling was made on the amended showing. *Held* that it could not be said that any error was in this committed by the court.

3. **Appeal:** EXCLUSION OF EVIDENCE: NO EXCEPTION TAKEN. Objections to the exclusion of evidence cannot be heard when made for the first time in this court.

4. **Decree:** IN EXCESS OF ISSUES: NO PREJUDICE. A decree which goes beyond the question submitted to the court is erroneous in that respect, but where such error is not prejudicial to appellant, it is no ground of reversal. In this case appellant has leave to have the decree amended, at his costs, upon the remanding of the cause.

*Appeal from Wapello District Court.*—HON. E. L. BURTON, Judge.

FILED, MARCH 9, 1888.

THIS action is to recover certain personal property, or the value thereof, to which plaintiff claims she is entitled as the widow of her deceased husband, Solomon McReynolds, who owned it at his death. The cause was transferred to the chancery docket, and upon a trial as an equity action a decree was entered therein granting the relief prayed for by plaintiff. Defendants appeal.

*W. W. Cory, D. C. Beaman* and *J. B. McCoy*, for appellants.

*H. B. Hendershott* and *McNett & Tisdale*, for appellee.

BECK, J.—I. The plaintiff claims the property as the widow of her deceased husband. The defendant denies that she has any interest in it, for the reason that she relinquished all claims to it by an ante-nuptial agreement or marriage settlement, executed between her and her husband. Defendant M. M. L. McReynolds, a son of plaintiff's deceased husband, in his answer, claims that he owns an undivided one-third of the property, he and his father owning it at the death of the latter as partners. In an amended petition the plaintiff prays that, if it be found and determined that defendant has an interest in the property, it be partitioned and divided, and that she shall have other relief to which she may be entitled in equity. After the amended petition was filed, the cause was transferred to the chancery docket for trial. It was tried upon the issue involving the question whether the property was owned by defendant and his father as partners, which was regarded by the court below as an equitable issue, and it was found that no partnership existed, and a decree was rendered so declaring, upon a finding that the property belonged exclusively to the father. After this decree was rendered, the cause was retransferred to the law docket for the trial of the issues cognizable at law.

McReynolds v. McReynolds.

II. Defendants complain of the order of the court below transferring the cause to the chancery docket, on the ground that there was no issue of equitable cognizance requiring such transfer. It will be observed that the pleadings put in issue the existence of the partnership, and the plaintiff prayed that, if it be found to exist, she have appropriate relief. Partnerships, and the question of their existence, are matters of which chancery has jurisdiction. 1 Story, Eq. Jur., sec. 659. This doctrine has been frequently recognized by this court. See, among other cases, *Aultman v. Fuller*, 53 Iowa, 60, and *Richards v. Grinnell*, 63 Iowa, 44.

*1. Equity jurisdiction: partnerships.*

III. Counsel for defendants, when the cause was called for trial, asked for a continuance, on the ground of the absence of defendant M. M. L. McReynolds, on account of sickness. The showing upon the motion when first made was not sufficient, for the reason that the sickness of the defendant was shown in no other manner than by a letter written by a stranger. Afterwards an additional showing was made by affidavits, but there was no ruling upon the motion as supported by such showing. There is no ground to hold that the court below erred in overruling the motion for a continuance.

*2. Continuance: no ruling on motion: appeal.*

IV. The case was tried upon written evidence under a stipulation of the parties. But defendants offered the oral testimony of certain witnesses, which was not received, on the ground of the stipulation, or for some other reasons. No exception was taken to the ruling against the admission of this testimony. Objections thereto cannot, therefore, be first heard in this court.

*3. Appeal: exclusion of evidence: no exception taken.*

V. It is urged that the decree goes beyond the question submitted to the court, in that it declares that all of the property belonged to defendant's father. If counsel's position be correct, it is no ground for reversing. As to defendants,

*4. Decree: in excess of issues: no prejudice.*

the decree is binding, but as to those not parties it has no such effect. But it is doubtless better that the decree should simply declare that defendant has an interest in the property as a partner of his father. It may be so amended, upon the cause being remanded, without costs to plaintiff, for we do not discover that this objection was made in the court below.

VI. Upon the merits of the case the evidence is conflicting. There is much positive and direct evidence tending to show that the father and son were partners as to the property in controversy; but there is more in support of plaintiff's claim that the father was the sole owner. The evidence is conflicting, and much of it is irreconcilable. We are quite clear in the opinion that the preponderance is with plaintiff. We are not accustomed, in cases of this character, to discuss the evidence at length. No profit would result therefrom to the parties or the profession.

We reach the conclusion that the decree of the court ought to be, as above suggested,

MODIFIED AND AFFIRMED.