WILLIAM THOMPSON, Appellant, v. W. E. SMITH, Appellee.

1. **Partnership:** SETTLEMENT : ACCOUNT STATED : EVIDENCE. In an action upon an account stated, agreed upon by the members of a copartnership upon a dissolution of the firm and a settlement of the partnership business, the plaintiff asked judgment for the balance due thereon in a sum named. The plaintiff having testified that the amount found due him upon the settlement of the partnership was for a sum in excess of that sued for, but that the

defendant had paid him two or three sums, leaving a balance in the sum for which judgment was asked, the defendant moved the court to instruct the jury for the defendant, because the plaintiff sought to establish a claim .in excess of the account stated as alleged in his petition. *Held*, that the motion was erroneously sustained.

2. ———— : ———— : RIGHT OF ACTION AGAINST COPARTNER. After the dissolution of a firm and a settlement of the partnership business, one partner may maintain an action against his copartner for a balance due him upon an account stated between them.

*Appeal from Louisa District Court.*—HON. D. RYAN, Judge.

`SATURDAY, MAY 23, 1891.

ACTION to recover for an amount found due upon a settlement between the parties, and for work and labor. After the plaintiff had submitted his evidence, the court directed the jury to return a verdict for the defendant, which was done, and judgment rendered thereon. The plaintiff appeals.—*Reversed.*

*Fred Courts, Jr.*, and *E. W. Tatlock*, for appellant.

*D. N. Sprague*, for appellee.

BECK, C. J.—I. The plaintiff testified in effect that he and the defendant had been partners, but settled their partnership business, and upon the settlement there was found due the plain-tiff one hundred and eighty-seven dollars, which the defendant promised to pay, and did pay thereon two or three sums, reducing the balance found on settlement to one hundred and thirty-seven dollars and twelve cents due the plaintiff after payments were made. He also testified that after the settlement he performed services for the plaintiff for which the defendant agreed to pay him at the rate of forty dollars per month. After the plaintiff had so testified, no other evidence being offered, a motion was made, as shown by the abstract, in the following language:

1. PARTNERSHIP: settlement: account stated: evidence.

"Defendant moves the court to take the case from the jury, and instruct a finding for defendant for costs, for that the plaintiff sued upon an account stated in the sum of one hundred and thirty-seven dollars and twelve cents, sought by his proof to establish a claim of one hundred and seventy-eight dollars and twelve cents; and it further appearing from his own evidence that the defendant and plaintiff were partners in business, and claiming that one partner cannot sue another at law, defendant asks judgment for costs.

This motion was sustained, and a verdict rendered, and a judgment entered accordingly.

As we understand the petition, it declares on an account stated, and alleges that there is due on the balance thus found one hundred and thirty-seven dollars and twelve cents. It is not alleged that the amount found due the plaintiff before any payment is one hundred and thirty-seven dollars and twelve cents, but there is due on the account stated the amount found due by the settlement,—one hundred and thirty-seven dollars and twelve cents. The first objection stated is not in accord with the facts as shown in the petition.

II. The plaintiff in his evidence shows a settlement of the partnership, upon which, after payment, there is due him one hundred and thirty-seven dol- 2. ——: ——: lars and twelve cents. The law is that one right of action against copart- ner. partner may maintain an action at law against another for an amount found due upon settlement of the partnership, and upon an account stated of their copartnership business. *Wycoff v. Purnell*, 10 Iowa, 332; 1 Story, Eq. Jur., sec. 664, and note. Obviously, under the evidence of the plaintiff, he may maintain the action at law, for the partnership has ceased to exist, being dissolved by the settlement of the partners, the defendant assuming to pay the plaintiff a stated sum as the amount found due on the settlement. Therefore, the plaintiff ceased to work as a partner in the business, but entered into the service of the defendant upon wages agreed upon. There is, therefore, **no**

reason based upon the fact of the existence of the partnership against the right to maintain the action, for no partnership is in existence.

In our opinion, the district court erred in sustaining the motion, and in directing a verdict for defendant. REVERSED.