[No. 13015.  Department Two.  May 9, 1916.]

C. A. KILBOURNE et al., Appellants, v. J. W. RATHBUN, Respondent.[1]

PARTNERSHIP—SETTLEMENT—ACCOUNTING—NECESSITY.  Where one of two concerns that had been doing business as partners ceased to do business and gave a demand note for the amount of a balance struck, assigning all accounts as collateral security, the other partner may sue on the note as upon a settlement without the necessity of an accounting.

Appeal from a judgment of the superior court for King county, Frater, J., entered May 1, 1915, upon findings in favor of the defendant, dismissing an action on a promissory note, tried to the court.  Reversed.

E. L. Skeel and W. M. Whitney (J. J. Geary, of counsel), for appellants.

Byers & Byers, for respondent.

MAIN, J.—The purpose of this action was to recover a balance alleged to be due upon a promissory note.  The plaintiffs were copartners doing business under the firm name and style of Seitzick & Company.  The defendants were alleged to be partners doing business under the firm name of Rathbun-Speer Company.  Speer was not served with process, and the action proceeded against Rathbun alone.  In the answer, the execution of the note is admitted, the balance alleged to be due is denied, and, by way of cross-complaint, damages are sought to be recovered against the plaintiffs.  The allegations of the cross-complaint are controverted by the plaintiffs.  The cause was tried to the court without a jury, and resulted in the denial to the defendant of his claim for damages, and a dismissal of the action as to the plaintiffs.  From this judgment, the plaintiffs alone appeal.

The facts necessary to an understanding of the question in

[1]Reported in 157 Pac. 457.

the case are these: During the year 1912, the appellants were doing a wholesale brokerage business in butter and eggs, with offices in the Epler building in Seattle, Washington. Rathbun was a commission merchant or wholesaler engaged in selling butter and eggs and other articles, with a place of business on Western avenue, in Seattle. The first business transactions between the appellants and Rathbun occurred probably during the month of September, 1912, when the appellants delivered to him a carload of eggs to be sold, the profits thereof to be equally divided. Thereafter, from time to time, other transactions occurred of a similar character. A number of times when Rathbun was in need of funds to carry on his business, the necessary money was advanced by the appellants. In the manner indicated, the business continued until some time during the early part of the year 1913. At that time the appellants Rathbun and Speer had some negotiations or talk relative to the formation of a corporation to be known as the Rathbun-Speer Company. Articles of incorporation were drawn, but were never filed. Consequently no corporation ever came into existence.

After the time when the discussion relative to the corporation took place and the articles were drawn, Rathbun moved his place of business to another and supposedly better location, and thereafter did business under the name of Rathbun-Speer Company. Speer's part in the business was that of a traveling salesman, the greater portion of his time to be devoted to the Alaska trade.

During the year 1912, the appellants furnished butter and eggs to the Rathbun-Speer Company for sale. In order to carry on the business of the latter company, it was necessary that it be loaned credit or aided financially by the appellants. The appellants kept close track of the business of the Rathbun-Speer Company, having their bookkeeper make a statement to them from the books of the latter company approximately once a month, and sometimes more frequently.

The parties continued to do business until some time during

the early part of the year 1914. On March 7, 1914, the
Rathbun-Speer Company, by J. W. Rathbun, manager, ex-
ecuted and delivered to the appellants a demand note for the
sum of $4,466.61, with interest at seven per cent per annum.
At the time the note was executed, the Rathbun-Speer Com-
pany had ceased to do business. As collateral security for
the payment of the note, substantially all the accounts due
the Rathbun-Speer Company were assigned to the appellants.
The note recites that these accounts are assigned "as collat-
eral security for the payment of this note." After the ac-
counts had been assigned and the note executed and delivered,
Rathbun collected money upon the accounts from time to
time, and turned it over to the appellants in accordance with
the understanding of the parties. The appellants, in turn,
gave Rathbun credit for the money thus collected and turned
over, upon the debt evidenced by the note. There is no con-
troversy over the amount of money thus collected and paid
over. At the time the action was begun, there was a balance
due upon the note of $1,385.93.

If the judgment of the trial court can be sustained, it is
only upon the theory that a partnership relation existed dur-
ing the year 1913 between the appellants, Rathbun, and
Speer, and that to adjust the rights of the parties recourse
must be had to an action for an accounting. On the other
hand, if the appellants are entitled to prevail upon this ap-
peal, it is because either, first, that no partnership relation
existed between the four parties mentioned; or second, if such
relation did exist, then there was a settlement and adjustment
of the partnership affairs at the time the accounts were as-
signed and the note executed.

It will be assumed, though we think the fact otherwise,
that a partnership relation did exist during the year 1913
between the four parties mentioned. Assuming the existence
of such a partnership, was there a settlement and adjustment
of the partnership affairs which rendered an accounting un-
necessary? The law is that, where partners have agreed upon

a settlement and struck a balance, the settlement is binding, and may be made the basis of an action without resort to an action for an accounting. Gilmore, Partnership, p. 479, § 159; Parsons, Partnership (4th ed.), § 193; *Wycoff v. Purnell*, 10 Iowa 332; *Hanks v. Baber*, 53 Ill. 292.

In this case, the Rathbun-Speer Company had ceased to do business, substantially all of the accounts of that company had been assigned to the appellants, and a balance had been struck and a note executed for the amount of such balance. Under the rule of law stated, the appellants had a right to maintain the action upon the note.

It is claimed, however, by Rathbun, that his signature to the note was surreptitiously secured. We find no evidence in the record which would justify the conclusion that Rathbun, at the time he executed and delivered the note, was overreached, or that any fraud was practiced upon him. He admits signing the note, and knowing at the time the character of the instrument that he was executing. He claims, however, that the note was given to secure the assignment of the accounts. In this his testimony is not in accord with the recital in the note that the accounts are assigned as collateral security for the payment of the note.

The judgment will be reversed, and the cause remanded with direction to the superior court to enter a judgment for the balance of the principal due upon the note, together with interest thereon at the rate of seven per cent per annum.

Judgment reversed.

MORRIS, C. J., HOLCOMB, PARKER, and BAUSMAN, JJ., concur.