L. R. FLEENER, Appellant, v. JOSEPH NUGENT, Appellee.

**TRIAL:** Items of Debit and Credit—Equitable Jurisdiction. That
1   the controversy involves a large number of items of debit and credit which could be more *conveniently tried* to the court is not a ground of equitable jurisdiction.

**TRIAL:** Proper Calendar—Law Issues—Transfer in Toto to Equity.
2   Where an action is properly brought at law, the defendant, as to the equitable issues tendered by his counterclaim, is entitled to have them transferred to equity, under Section 3435, Code, 1897, but it is error for the court to transfer the entire case.

*Appeal from Polk District Court.*—THOMAS J. GUTHRIE, Judge.

MARCH 14, 1919.

ON motion of defendant, the entire cause was transferred to the equity side of the calendar. From this ruling, the plaintiff appeals.—*Reversed*.

*Chester J. Eller*, for appellant.

*W. L. Stewart* and *Miller, Parker, Riley & Stewart*, for appellee.

PRESTON, J.—Plaintiff brought his action at law in several counts. · One of these was for a balance alleged to be due plaintiff from defendant, under an oral agreement whereby plaintiff was to buy and ship to defendant certain horses; another for ground rent alleged to be due plaintiff from defendant; another, asking to recover on a certain check; others on written contracts for barn rent, wages, and so on. It is not necessary to set out plaintiff's claim more in detail, because appellee concedes in argument that plaintiff, in so far as he states a cause or causes of action at all, brings them within the cognizance of a court of law. Defendant answered, setting up its defenses to the several counts, and asked that each be dismissed. Defendant also filed a counterclaim against plaintiff in the sum of $215.59, and alleged that plaintiff and defendant had been, for two and a half years, engaged in the purchase and sale of horses and mules; that defendant acted as banker for plaintiff, allowing plaintiff and his agents to check and draw on the general account ·of defendant, and that, with plaintiff's consent, the accounts were kept in the office of defendant, and upon the books of defendant; that, at various times, defendant presented plaintiff itemized statements of his account, which were accepted by plaintiff; that it would require time and space to set out the various transactions; but that, after allowing all just credits to plaintiff, there is still due and owing defendant on plaintiff's account, the amount last mentioned. It was further alleged, by way of amendment, that there were, from time to time, charged to plaintiff on defendant's books, various items for freight, yardage, feed, commission, insurance, etc.; that, from time to time throughout the period aforesaid, there were credited to plaintiff upon defendant's books, the proceeds arising from the sale of the animals bought by plaintiff and his representatives and turned over to defendant, the amount credited in the case of each animal being determined by the price

at which said animal was sold, and the expense, if any, in-
cident to the keeping and sale of said animals; that, as to
certain of the horses, defendant and plaintiff bought,
handled, and sold the same, as partners, and such transac-
tions were entered upon defendant's books in plaintiff's said
account; that all the items mentioned in the various ac-
counts of the plaintiff, and.referred to in the petition, ap-
pear in and affect the plaintiff's account with defendant, as
the same appears upon defendant's books; that, during the
period aforesaid, plaintiff and defendant have had a multi-
tude of transactions, involving the purchase and sale of hun-
dreds of horses and mules, and many thousands of dollars;
that the mutual accounts between plaintiff and defendant,
as the same appear upon defendant's books, are voluminous;
and that many of the items thereof, both of debit and credit,
are in dispute; and that, in order to determine the rights
of the parties, a mutual accounting must be had; that the
account is so voluminous that it cannot be set forth in the
pleading, or as an exhibit. The defendant prayed that the
court, by itself or through a referee, take an accounting
and determine the status of their mutual accounts, and that
thereupon, defendant have judgment against plaintiff for the
amount before mentioned. Thereafter, defendant moved the
court to transfer the cause to the equity calendar and docket,
on the following grounds: (1) It appears on the face of the
petition that plaintiff's alleged causes of action involve mat-
ters of mutual accounting, in connection with the purchase
and sale of horses and mules and other business transac-
tions. (2) It appears from the face of the petition that,
in relation to some of the transactions, plaintiff and defend-
ant were partners, and that plaintiff's said causes of action
involve an accounting between plaintiff and defendant as
partners, in respect to said transactions. (3) It appears
from the defendant's answer and counterclaim that the
parties have dealt with each other as vendor and purchaser.

as principal and agent, and at times as partners, in a large number of transactions involving large sums of money, and extending over a period of about two and a half years; that there are mutual accounts between the parties which are numerous and voluminous, and that the number and nature of the disputed transactions are such as to render it impossible to try said causes to a jury. It further appears from the petition, and defendant's answer and counterclaim, that the mutual accounts between plaintiff and defendant are so voluminous, and involve so many transactions which are in dispute, that the rights of the parties cannot be determined except by an accounting in equity, either by a court of equity or by a referee. The motion to transfer was sustained, and the entire cause was transferred to the equity docket.

In regard to the first two grounds of the motion, the petition itself does not show that the action involves matters of mutual accounting or partnership. As already stated, it is conceded by defendant that the petition states a cause or causes of action at law. This being so, the action was properly brought at law, in the first instance. Code Sections 3432, 3433, and 3434 are cited. The first section provides that an error of plaintiff as to the kind of proceeding adopted shall not cause the abatement or dismissal of the action, but merely a transfer to the proper docket. The next section provides that such error may be corrected by plaintiff on motion. Section 3434 provides that defendant may have the correction made, where it appears that wrong proceedings have been adopted. For the reasons before given, these sections do not apply. Code Section 3435 provides:

"Where the action has been properly commenced by ordinary proceedings, either party shall have the right, by motion, to have any issue heretofore exclusively cognizable in equity, tried in the manner hereinafter prescribed in cases of equitable proceedings; and if all the issues were

such, though none were exclusively so,- the defendant shall be entitled to have them all tried as in cases of equitable proceedings."

Appellee contends that controversies between partners growing out of partnership accounts and transactions, and the question as to whether or not a partnership exists, are matters of which equity has jurisdiction, citing *McReynolds v. McReynolds,* 74 Iowa 89, 91; *Erret v. Pritchard,* 121 Iowa 496, 498; 2 Pomeroy on Equity Jurisprudence & Equitable Remedies (3d Ed.), Sections 933–935, and other cases; also that equity has jurisdiction of an accounting proceeding growing out of fiduciary relations (*Dickinson v. Stevenson,* 142 Iowa 567, 571); also that, when the trial exacts the examination of complicated mutual accounts, the cause may properly be transferred to the equity side (*Marks Hat Co. v. Slatnik,* 178 Iowa 370, 372, and cases cited; also *Mitchell v. Beck,* 178 Iowa 786, 794). In the *Marks* case, the motion to transfer was held to have been rightly overruled, because the mutuality exacted to invoke equitable jurisdiction was lacking. As to some of the counts in plaintiff's petition, it is not, and could not be, claimed that there is any question of mutual accounts. The fact that the controversy involves a large number of items of debit and credit, arising out of numerous business transactions, which could be more conveniently tried to the court, is not a ground of equitable jurisdiction. *Williams v. Herring,* 183 Iowa 127. It appears that the books of account are in defendant's possession. It may be, and is, doubtless, true that, as to some of the issues tendered by the defendant, he would be entitled to have them tried as in equity, under Section 3435 of the Code; but this would not require the transfer of the entire case to the equity side. If such equitable issues are sustained by the

1. TRIAL: items of debit and credit: equitable jurisdiction.

2. TRIAL: proper calendar: law issues: transfer *in toto* to equity.

defendant, it might finally determine the case. But that matter would come up later. We think the trial court erred in transferring the entire case. Our conclusion is sustained by the following authorities: *Eller v. Newell,* 159 Iowa 711; *Tinker v. Farmers St. Bank,* 178 Iowa 972; *Duffy v. Hardy Auto Co.,* 180 Iowa 745.

Appellant contends that there is no right to compulsory reference where the items sued upon do not constitute a portion of a continuous account, and that compulsory reference cannot be made in an action at law, because the case does not involve the examination of mutual accounts, and that he may not be deprived of his right to trial by jury. On these several propositions, he cites *Mayo v. Halley,* 124 Iowa 675; *District Twp. v. Bulles,* 69 Iowa 525; *Tufts v. Norris,* 115 Iowa 250; Code Section 3735. But it is unnecessary for us to determine this question, because there was no reference ordered by the trial court. The entire case was simply transferred to equity. Because the court erred in transferring the entire case, the order is—*Reversed.*

Ladd, C. J., Evans and Salinger, JJ., concur.