SYLVIA NEIDIGH, Appellee, v. AMERICAN FINANCE SYSTEM, Appellant.

No. 42490.

226

DECEMBER 11, 1934.

REHEARING DENIED APRIL 5, 1935.

Brammer, Brody, Charlton & Parker, for appellant.

R. Brown and Richard Reichmann, for appellee.

KINDIG, J.—On April 20, 1932, Sylvia Neidigh, the plaintiff-appellee, commenced an action in the Polk county district court against the defendant-appellant, the American Finance System. When filing her petition, the appellee divided it into two counts. She stated a separate cause of action in each count. In count one the appellee alleges that she purchased from the appellant certain shares of corporate stock, that the appellant through its officers and agents knowingly made false representations whereby the appellee was deceived, and that because of the false representations the appellee has rescinded the contract. Therefore, the appellee prays that the court find there has been a rescission, and that she be given judgment against the appellant for $3,050, for the purchase price paid on the stock. Then, in count two of her petition, the appellee alleged the purchase of the stock, the fraud of the appellant, and an agreement on the part of the appellant to repurchase the stock from the appellee upon her request. Consequently the appellee asked damages against the appellant because it did not repurchase the stock at her request.

After attacking the petition by many motions which are immaterial here, the appellant, on November 28, 1932, filed a motion asking the court to require the appellee to elect upon which count of her petition she would stand. The theory of this motion requiring the appellee to elect was that the counts of the petition were

inconsistent with each other. Thereafter, on July 18, 1933, the district court overruled the appellant's motion to require the plaintiff to elect upon which count of her petition she would proceed to trial. Other proceedings were then had, and finally, on August 23, 1933, the appellant answered the appellee's petition. When so doing, the appellant answered each count of the appellee's petition. Subsequently, to wit, on November 7, 1933, the appellant presented to the district court an application for permission to withdraw its answer. Of this application the appellee had no notice. Nevertheless, on the same day the application for permission to withdraw the answer was filed, the district court allowed the withdrawal thereof. At the time the answer was thus withdrawn, the appellant filed its motion asking the district court to reconsider its action in overruling the appellant's motion to require the appellee to elect upon which count she would stand. This last-named motion, according to the record, never has been presented to the court and no action has been taken thereon. But the appellant, on November 16, 1933, appealed from the judgment of the district court which overruled its motion to require the appellee to elect upon which count of her petition she would proceed to trial. Such is the confused state of the record.

Section 11112 of the 1931 Code declares that, when the petition "contains more than one cause of action, each must be stated wholly in a count or division by itself, and must be sufficient in itself." That section, however, does not purport to define what causes of action may thus be joined in the same petition. The section does contemplate that certain causes of action may be joined in the petition. It is claimed by the appellant that the appellee has misjoined causes of action in her petition. That misjoinder, the appellant contends, grows out of the fact that the causes of action named in the appellee's petition are inconsistent with each other. Whether such inconsistency will be a bar to the joinder of causes of action must depend upon the provisions of section 10960 of the 1931 Code. There it is provided:

"Causes of action of whatever kind, where each may be prosecuted by the same kind of proceedings, if held by the same party, and against the same party, in the same rights, and if action on all may be brought and tried in that county, may be joined in the same petition."

If, then, section 10960 bars inconsistent counts in the same petition, they cannot be joined; but, if section 10960 does not bar inconsistent counts in the petition, then they may be joined. In other words, section 10960 provides the kind of causes of action that may be joined in the same petition, and section 11112 provides that, when separate causes of action are joined in the same petition, they must be stated in separate counts. Section 10961 of the 1931 Code provides how the different issues thus joined shall be tried; while section 10962 of the 1931 Code authorizes the plaintiff to strike from his petition any cause of action or part thereof. Following the foregoing provisions, the 1931 Code then provides in section 10963 as follows:

"The court, at any time before the answer is filed, upon motion of the defendant, shall strike out of the petition any cause or causes of action improperly joined with others." Supplementing the foregoing provision, the Code then provides in section 10964 as follows: "All objections to the misjoinder of causes of action shall be waived, unless made as provided in section 10963."

As before indicated, the defendant must object to a misjoinder of causes of action in the plaintiff's petition by motion to "strike out of the petition any cause or causes of action improperly joined with others." If the district court sustained the defendant's motion thus to strike out causes of action, the proceeding shall then be as provided in section 10965 of the 1931 Code. According to that section it is provided as follows:

"When a motion is sustained on the ground of misjoinder of causes of action, the court, on motion of the plaintiff, shall allow him, with or without costs, in his discretion, to file several petitions, each including such of said causes of action as may be joined, and an action shall be docketed for each of said petitions, and the causes shall be proceeded in without further service, the court fixing by order the time of pleading therein."

Obviously the legislature has provided a complete procedure for the joinder of causes of action as well as a complete procedure to remove causes of action improperly joined. Our practice is a Code practice, as distinguished from a common-law practice. Unless the Code practice is followed, "all objections to the misjoinder of causes of action shall be waived." See Code, section 10964. For some

reason unexplained, the appellant in the case at bar failed to follow this statutory procedure, and launched out upon an uncharted course of its own. Under the statutory procedure, when a motion is properly filed to strike out misjoined causes, the appellee, as plaintiff, would be entitled to file separate petitions and still maintain the stricken causes. See section 10965, 1931 Code. See, also, Gray Bros. v. Otto, 178 Iowa 854, 160 N. W. 293; Overstreet v. New Nonpareil Co., 184 Iowa 485, 167 N. W. 669; Woodworth v. Iowa Central Railway Co., 170 Iowa 697, 149 N. W. 522.

This phase of the statutory procedure was entirely overlooked by the appellant when attempting to object to the misjoinder of the causes in the appellee's petition. By filing its motion to require the appellee to elect, the appellant did not contemplate the sustaining of the wrongfully joined causes of action by allowing the appellee to file separate petitions, as provided in section 10965 of the Code. In other words, the appellant did not move to strike out the wrongfully joined causes of action as provided in the above and foregoing statutes. Had the appellant done so, the appellee then could have refiled petitions, as contemplated by section 10965, above mentioned. Through its motion to require the appellee to elect, the appellant, contrary to the statute, sought, in effect, to entirely eliminate from the court records one or the other of appellee's causes of action.

The district court did not abuse its discretion in refusing to consider the appellant's motion to elect the equivalent of the statutory motion to strike out causes of action. Such motion requiring the appellee to elect, as a matter of fact, is not the equivalent of the statutory motion to strike. As a result of the appellant's failure in this respect, there was, in fact, no statutory motion filed by the appellant asking the court to strike from the appellee's petition causes improperly joined. So, as said in Overstreet v. New Nonpareil Company (184 Iowa 485), supra, reading on page 491, 167 N. W. 669:

"Some question is raised as to whether there was a misjoinder of causes of action. No motion was made to strike from the petition or the petition as amended any cause improperly joined as exacted by (the Code), and therefore all objections on that ground were waived."

230

Consequently, the district court properly overruled the appellant's motion to require the appellee to elect. When reaching this conclusion, we do not consider whether the appellant waived its right to object to the court's ruling by first filing, and then withdrawing, its answer aforesaid. Nor do we determine whether the fact that the appellee filed a motion in the district court to reconsider, without obtaining a ruling thereon, is a bar to this appeal.

Wherefore, the judgment and ruling of the district court must be, and hereby is, affirmed.—Affirmed.

MITCHELL, C. J., and EVANS, ANDERSON, STEVENS, KINTZINGER, and DONEGAN, JJ., concur.

ALBERT. J., took no part.