AUGUST JOHANIK, Appellee, v. DES MOINES DRUG COMPANY, Appellant.

No. 46669.

FEBRUARY 6, 1945.

R. O. Garber, of Des Moines, for appellant.

C. J. Eller, of Des Moines, for appellee.

GARFIELD, J.—Plaintiff filed his petition at law in three counts. Each count alleges that on May 2, 1938, plaintiff and defendant entered into a written agreement, "copy of which is attached hereto, and made a part hereof." The written agreement provides that plaintiff and defendant were to operate defendant's farm of 614 acres in Polk county for five years from February 28, 1939.

Count I of the petition further alleges that plaintiff is the owner of a balance of half of ten specified items for the year 1943, totaling $23,461.14, "and in addition thereof the sum of $.... an itemized statement of which plaintiff will set forth as soon as plaintiff's [his] counsel has opportunity to examine records in possession of defendant." The ten items (we omit the total in dollars and cents of each item) are: Gilts 38 head @ $33.40, Feeders 14390# @ 12c, 1 Reg. Hog, Ear Corn 16446 Bu. @ 97c, Shelled Corn 230 Bu. @ $1.02, Oats 520 Bu. @ 72c, Bedding tons 23 T 410# @ $10 per T, Hay tons 94 T 720# @ $23 T, Hay tons 56 T 1400# @ $20, Silage.

In addition to embodying a copy of the written agreement, Count II of the petition alleges that there is a balance due

plaintiff of the approximate sum of $25,000 for 1939 to 1942 inclusive, "an itemized statement of which will be set out as soon as the books of account are produced and examined for plaintiff"; that defendant agreed to deliver said books and records for examination but later refused to do so.

Count III of the petition, which is not directly involved in this appeal, purports to state a cause of action at law for fraud practiced by defendant upon plaintiff to his damage, both actual and exemplary, in the sum of $15,000.

The prayer of the petition is for judgment for $60,000.

Defendant moved to transfer Counts I and II to equity because they show upon their face: (1) the alleged causes of action have been settled and no relief is available to plaintiff until the settlement has been set aside and such relief can be had only in equity (2) plaintiff and defendant entered into a contract of partnership or joint adventure on May 2, 1938, performance of which was entered upon and continued until termination of the agreement as of March 1, 1944, during which time mutual debits and credits in extended numbers have accumulated and the accounting thereunder can be had only in equity. This motion was overruled and defendant, pursuant to authority granted under Rule 332, Rules of Civil Procedure, has appealed from the ruling.

I. Counts I and II of the petition make no reference to the agreement of settlement upon which defendant relies in ground 1 of its motion. The sufficiency of these counts depends upon the allegations therein contained and the reasonable inferences therefrom. Defendant's motion cannot be aided by extrinsic matters not appearing on the face of these counts. Ground 1 of the motion is somewhat analogous to "a speaking demurrer" and for that reason, if for no other, does not entitle defendant to the relief asked. See In re Estate of Rinard, 224 Iowa 100, 107, 275 N. W. 485; McAnulty v. Peisen, 208 Iowa 625, 627, 226 N. W. 144; Melvin v. Melvin, 198 Iowa 1283, 1288, 201 N. W. 7.

II. Plaintiff contends that the only remedy available to defendant for the improper joinder of a cause of action in equity with one at law is a motion to strike the cause im-

properly joined. Reliance is had upon section 10963, Code, 1939, which provided:

"The court, at any time before the answer is filed, upon motion of the defendant, shall strike out of the petition any cause or causes of action improperly joined with others."

Section 10964 provided:

"All objections to the misjoinder of causes of action shall be waived, unless made as provided in section 10963."

If these statutes were still in force plaintiff's contention would have merit. See Neidigh v. American Finance System, 219 Iowa 225, 228, 257 N. W. 563; Federal Sur. Co. v. Des Moines Morris Plan Co., 209 Iowa 339, 342, 228 N. W. 293; Campbell v. Spears, 120 Iowa 670, 675, 94 N. W. 1126. But sections 10963 and 10964 have been superseded by Rule 27(b), Rules of Civil Procedure, which provides:

"The only remedy for improper joinder of actions shall be by motion. On such motion the Court shall either order the causes docketed separately or strike those causes which should be stricken, always retaining at least one cause docketed in the original case. * * *"

Prior to the taking effect of the Rules of Civil Procedure it was improper to join a cause of action in equity with one at law. Section 10960, Code, 1939; Leekley v. Short, 216 Iowa 376, 383, 249 N. W. 363, 91 A. L. R. 394; Cooper v. Erickson, 213 Iowa 448, 452, 239 N. W. 87; Murphy v. Board of Supervisors, 205 Iowa 256, 260, 215 N. W. 744; Watt v. Robbins, 160 Iowa 587, 593, 142 N. W. 387. However, section 10960 has been superseded by Rule 22, which expressly authorizes the joinder of a cause in equity with one at law. Rule 22 provides:

"A single plaintiff may join in the same petition as many causes of action, legal or equitable, independent or alternative, as he may have against a single defendant."

In view of Rule 22 the cases last above cited are no longer applicable. See Cook, Iowa Rules of Civil Procedure 50. Neither can it be said that the mere joinder of a cause in equity

and one at law in favor of a single plaintiff and against a single defendant is an "improper joinder of actions" under Rule 27(b), heretofore quoted.

However, Rule 186 appears to have been adopted at least in part to meet a situation where there is a joinder of an action in equity and one at law. See Collins v. Metro-Goldwyn Pictures Corp. (Augustus Hand, J.), 2 Cir., N. Y., 106 F. 2d 83, 85. Apparently Rule 186 is based in part upon Code section 11437, which it supersedes, and upon Federal Rule 42(b). Rule 186 provides:

"In any action the Court may, for convenience or to avoid prejudice, order a separate trial of any claim, counterclaim, cross-claim, or of any separate issue of fact, or any number of any of them. Any claim against a party may be thus severed and proceeded with separately."

Rule 186 confers ample authority upon a trial court to order trial as in equity of any equitable issues that arise in an action commenced at law. It has been said that the determining factors in the matter of granting separate trials under Federal Rule 42(b) are the doing of justice, the furtherance of convenience, and the avoidance of prejudice. Society of E. S. A. and C. v. WCAU Broadcasting Co., D. C., Pa., 35 F. Supp. 460, 461; Seagram-Distillers Corp. v. Manos, D. C., S. C., 25 F. Supp. 233, 234.

We deem it proper to say that where separate trials in one case are had an attempt should be made to avoid duplication in time, effort, or expense, and at a minimum of inconvenience to court, counsel, litigants, and witnesses. In the federal courts, where part of the issues in a case are triable to a jury and part to the court, it has been held—we think properly—there should, where possible, be but one trial·in which the jury is empaneled to hear and determine the jury issues and the court then proceeds to hear and determine the nonjury issues. Munkacsy v. Warner Bros. Pictures, D. C., N. Y., 2 F. R. D. 380; Elkins v. Nobel, D. C., N. Y., 1 F. R. D. 357. Doubtless in some cases the nonjury issues should first be heard.

It is apparent that defendant has proceeded in disregard of Rules 22 and 186. Its motion to transfer Counts I and II

to equity does not specifically ask for separate trial in equity of these counts. For this reason, perhaps we would be justified in affirming the ruling below. We have concluded, however, that defendant's motion may fairly be treated as one asking for separate trial in equity of Counts I and II. If these counts state causes in equity, there is little doubt that defendant is entitled under Rule 186 to have them heard and determined by the court as equitable issues. It seems to be desirable to determine that question upon this appeal.

III. Defendant's theory, asserted in ground 2 of its motion, is that Counts I and II are triable in equity because they seek an accounting between joint adventurers. While these counts do not expressly state that plaintiff and defendant entered upon and continued the performance of the written agreement therein referred to, that is fairly to be inferred. The written agreement embodied in the petition covers ten pages of the record.

The agreement provides: First party (defendant) grants the right to second party (plaintiff) to occupy the 614-acre farm in question for five years from February 28, 1939; both parties are to have possession of the farm for the production and sale of various crops of grain and livestock; the kind of crops and the selection of that portion of the land to be used for each purpose to be agreed upon by the parties; the purchase and sale of all livestock, feed and farm products to be by first party (defendant); second party (plaintiff) to furnish all labor, work animals, and farm machinery; the cost of various items such as electricity, seed, insurance, veterinary service and medicines, and taxes on cattle, to be divided equally; first party to be credited with the value of all grain and animals furnished by it; second party to be credited with the value of Guernsey cattle, not exceeding twenty-five in number, furnished by him; such values to be agreed upon by the parties and, if necessary, a third party selected by them; each party shall receive four and one-half per cent interest on the value of items so furnished; first party to purchase such additional machinery, equipment, cattle, hogs, and other livestock as needed and agreed upon, be credited with the purchase price of the animals and receive interest at four and one-half per cent on the cost of all such

items until reimbursed; first party to keep and furnish second party an accurate account of all purchases and sales made by it; second party to receive $350 a month in the form of a drawing account; all net profits to be divided equally.

The agreement further contemplates the operation of a dairy farm and the production and sale of dairy products; no grain raised on the farm to be removed or sold except as agreed upon; first party is given the right to forfeit the contract for any breach thereof by second party; upon termination of.the contract the value of all livestock, grain, dairy products—not including horses, mules, machinery, and equipment belonging to second party—shall be determined by the parties and, if necessary, a third party to be chosen by them; such property may be sold as agreed upon or first party may take it over and be charged with the value so determined. While the agreement contains other provisions, they need not be mentioned.

A joint adventure is defined as an association of two or more persons to carry out a single business enterprise for profit; also, as a common undertaking in which two or more combine their property, money, efforts, skill, or knowledge. O'Neil v. Stoll, 218 Iowa 908, 912, 255 N. W. 692; Tusant & Son Co. v. Chas. Weitz Sons, 195 Iowa 1386, 1388, 191 N. W. 884; Keiswetter v. Rubenstein & Hammel, 235 Mich. 36, 209 N. W. 154, 48 A. L. R. 1049, 1054, and annotation 1055; annotation 138 A. L. R. 968, 971; 30 Am. Jur. 677, section 3; 33 C. J. 841, section 1.

The outstanding difference between a joint adventure and a partnership is that the former relates to a single transaction, although it may comprehend a business to be continued over several years, while the latter relates to a general and continuing business of a particular kind, although there may be a partnership for a single transaction. Fitzhugh v. Thode, 221 Iowa 533, 543, 265 N. W. 893; Goss v. Lanin, 170 Iowa 57, 61, 152 N. W. 43, 45, and cases cited; annotations 48 A. L. R. 1055, 1060, 138 A. L. R. 968, 975; 30 Am. Jur. 679, 680, section 5; 33 C. J. 841, 842, section 2. The parties to a joint adventure occupy a fiduciary relation as between themselves. Nelson v. Lindsey, 179 Iowa 862, 866, 162 N. W. 3; Goss v. Lanin, supra; 33 C. J. 867, section 84. And it is generally held that joint adventurers, as between themselves, are governed by the same

·rules at least of substantive law that govern partners. Bond v. O'Donnell, 205 Iowa 902, 910, 218 N. W. 898, 63 A. L. R. 901; Goss v. Lanin, supra; annotations 48 A. L. R. 1055, 1057; 63 A. L. R. 909, 912, 913; 30 Am. Jur. 679, section 5; 33 C. J. 841, 842, section 2.

In Iowa a mere lease of a farm for share rent does not create a joint adventure but only the relation of landlord and tenant. Johnson v. Watland, 208 Iowa 1370, 1372, 227 N. W. 410, and cases cited. But the agreement here goes far beyond the terms of a mere lease and provides for a relationship that falls squarely within any recognized definition of a joint adventure. See 30 Am. Jur. 685, section 17; annotations 48 A. L. R. 1055, 1068, 1069; 63 A. L. R. 909, 917.

█ IV. It is almost universally held, subject to certain exceptions which we need not mention, that a law action is not maintainable between partners with respect to partnership transactions unless there has been an accounting or settlement of the partnership affairs. McAnulty v. Peisen, supra, 208 Iowa 625, 634, 226 N. W. 144; Ristine v. Ruml, 197 Iowa 1193, 1197, 197 N. W. 27, and authorities cited; annotation 21 A. L. R. 21, 34; 47 C. J. 802, section 250; id., 1198, section 900.

Accordingly, one partner cannot sue another at law to recover contributions to the partnership capital, a share of the profits, or the proceeds of the sale of partnership property until there has been an accounting of partnership affairs. Equity has exclusive jurisdiction of unsettled matters between partners. And this is true even though there has been a termination or dissolution of the partnership. Kuhn v. Newman, 49 Iowa 424, 429; Wycoff v. Purnell, 10 Iowa 332; annotation 21 A. L. R. 21, 44, 52, 54, 83, 84. It is clear, therefore, that if plaintiff and defendant were partners rather than joint adventurers, Counts I and II could not be prosecuted at law. We see no reason, and none is suggested, why a different rule should apply here merely because plaintiff and defendant were joint adventurers.

In general, it is true that law courts are somewhat more inclined to entertain controversies between joint adventurers than between partners. 33 C. J. 841, 842, section 2. However,

as a rule, until the transaction has been closed or a balance struck, there can be no recovery of unascertained profits between joint adventurers in an action at law, and if the member whose duty it is to account will not do so, the only remedy is in equity. 33 C. J. 866, 867, section 83. This rule is applicable here. In Counts I and II plaintiff seeks to recover unascertained profits over an extended period from his joint adventurer whose duty it is under the agreement to make such accounting. Each count alleges, in effect, that plaintiff is unable to state his claim with particularity except by an examination of accounts in defendant's possession. It is fairly to be inferred from each count that plaintiff claims there has been no settlement between the parties of the affairs of the joint venture.

Code section 10941, still in effect, provides that a plaintiff must prosecute his action by equitable proceedings in all cases where equitable jurisdiction was exclusive prior to the adoption of the Code. The rules quoted in Division II hereof must be considered in the light of this statute. If plaintiff and defendant were partners, there is no doubt that prior to the adoption of the Code equity had exclusive jurisdiction of such a case as alleged in Counts I and II. McAnulty v. Peisen, supra, 208 Iowa 625, 634, 226 N. W. 144, and authorities cited; Wycoff v. Purnell, supra, 10 Iowa 332. See, also, McReynolds v. McReynolds, 74 Iowa 89, 91, 36 N. W. 903. We think this is also true even though the agreement here provides for a joint adventure.

The reasons why equity has exclusive jurisdiction of unsettled partnership matters are the inconvenience of examining complicated accounts, frequently of long standing, the confidential relationship between the partners, and the necessity of discovery (i.e., the disclosure of facts or the inspection of documents under control of the adverse party, 27 C. J. S. 5, section 1). Annotation 21 A. L. R. 21, 41; 40 Am. Jur. 361, section 330. These reasons are equally applicable where an accounting is sought by reason of such a joint adventure as appears here.

That plaintiff prayed for a money judgment only or that only such relief would be granted does not establish that Counts I and II are mere actions at law. The character of a petition

is to be determined by its allegations and not merely by the relief claimed. McAnulty v. Peisen, supra, 208 Iowa 625, 635, 226 N. W. 144; Markworth v. State Sav. Bk., 212 Iowa 954, 963, 237 N. W. 471.

In our opinion, Counts I and II of plaintiff's petition should be tried and determined as in equity and the trial court should so order.

It is not to be inferred from anything we have said that there would not be jurisdiction at law of Counts I and II if defendant had not challenged such jurisdiction. See Code section 10944.

Plaintiff filed a motion to dismiss the appeal. Except for the contention that defendant has not properly assigned the error relied upon, the motion is disposed of by what we have said in Division II hereof. We think the assignment of error is sufficient. Accordingly, the motion to dismiss the appeal is overruled.

■ Plaintiff also filed a motion to strike appellant's argument on motion to dismiss and its reply (one document). Principal ground of plaintiff's motion to strike is that appellant's argument and reply was filed one day later than allowed by a previous order of the chief justice. Prejudice by reason of the delay does not appear. The motion to strike is overruled. Bennett v. City of Emmetsburg, 138 Iowa 67, 71, 115 N. W. 582; Caldwell Co. v. Steckel & Son, 143 Iowa 564, 566, 121 N. W. 376.—Reversed and remanded.

All Justices concur.