## STATE OF IOWA;

### DES MOINES, JUNE TERM, A. D. 1870

IN THE TWENTY-FIFTH YEAR OF THE STATE.

---

PRESENT:

Hon. CHESTER C. COLE, Chief Justice.
" GEORGE G. WRIGHT, ⎫
" JOSEPH M. BECK, ⎬ Judges.
" ELIAS H. WILLIAMS, ⎭

---

## Moore v. The District Township of Union.

Practice: TRANSFER OF CAUSES. A motion by a defendant, under section 2615 of the Revision, to transfer a cause from the chancery to the law docket, on the ground that it is not cognizable in chancery, should be made at the time of the filing of the answer to the original petition, if it is then apparent that it is proper to be made. The overruling of a motion made *after* the filing of such answer was held not erroneous.

Vol. XXVIII. — 54

*Appeal from General Term, Fifth District (Madison County).*

WEDNESDAY, APRIL 6.

THIS is an equitable proceeding. The petition alleges that plaintiff was employed, under two separate written contracts, to teach two different. terms of school in one of the sub-districts of defendant; that in the date of the execution of one of the contracts there is a mistake, and that plaintiff rendered the services she obligated herself to perform, and defendant has failed and refused to pay her the sums stipulated in the contracts. The relief asked is the correction of the mistake, and that defendant be ordered to give plaintiff an order upon the treasurer for the amount due upon the contracts, or that judgment against the defendant be rendered for that amount. On the 27th day of August, 1868, defendant answered this petition, and, on the 25th day of January, 1869, moved to transfer the cause to the law docket, on the ground that it was cognizable at law and not in chancery. This motion was overruled. Two amendments to the petition were filed by plaintiff, and defendant answered them on the day his motion was filed.

From the ruling upon the motion, defendant appealed to the General Term, where the judgment of the District Court was affirmed. It now appeals to this court.

*John Leonard* for the appellant.

*H. J. B. Cummings* for the appellee.

BECK, J. — The only question raised upon the record before us, relates to the ruling of the District Court upon defendant's motion to transfer the cause to the chancery docket.

Section 2613 of the Revision provides, that "an error of plaintiff, as to the kind of proceedings adopted, shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings by an amendment in the pleadings and a transfer of the action to the proper docket." Section 2615 provides, that defendant shall be entitled to have the correction of such an error, in the case where an action, properly cognizable at law, is brought by equitable proceedings, *upon motion made at the time of the filing of the answer*. The motion in this case was not made when the answer was filed, and was, for that reason, properly overruled. The fact that the answer to the amended petition was filed upon the same day with the motion, is not a sufficient answer to the requirements of the section last cited. The objection raised by defendant's motion is aimed as well at the original as the amended petition; neither does the amended petition so change the character of the proceeding that it is only thereby rendered obnoxious to the objection. The objection existed when defendant's first answer was filed; not having been made at the proper time, the law presumes that it was waived.

Affirmed.