JOHN BIRD COMPANY *vs.* FRANCES E. HURLEY.

Knox.    Opinion May 21, 1895.

*Partnership. Husband and Wife.*

Much more evidence is necessary to establish the existence of a business partnership between husband and wife, than between persons not in that relation.

Acts of a wife in assisting or advising her husband in business, such as keeping the books, making purchases and sales, examining, paying or contesting bills, advising for or against particular transactions, etc., and her frequent use of pronouns in the possessive case, when speaking of the business, are

not of themselves sufficient to establish her actual partnership interest against her explicit denial.

ON MOTION.

Assumpsit on an account annexed to the writ, in which the balance claimed is $552.19.

The action was originally against William P. Hurley and Frances E. Hurley, co-partners under the firm name of the Rockland Lime Company. The defendant, William P. Hurley, having been adjudged an insolvent debtor, and the insolvency proceedings being still pending, the plaintiff discontinued as to him.

Frances E. Hurley, the other defendant, pleaded the general issue, and filed an affidavit in due form denying the copartnership.

The case is stated in the opinion.

*C. E. and A. S. Littlefield, Mervyn Ap Rice*, with them, for plaintiff.

*W. H. Fogler*, for defendant.

SITTING: WALTON, EMERY, FOSTER, WHITEHOUSE, WISWELL, JJ.

EMERY, J.    Some person or persons were carrying on a lime-burning and general store business on certain premises in Rockland, under the business name or style of the "Rockland Lime Company," at the time the plaintiff sold to him or them the bill of goods sued for in this action. William P. Hurley was admittedly carrying on that business under that name, either alone or with a partner or partners. He ordered these goods for use in the business, and they were charged upon the plaintiff's books to the "Rockland Lime Company." Afterward, William P. Hurley, upon petition of the plaintiff and other creditors, was adjudged an insolvent debtor, and his business affairs were wound up in the Insolvency Court. The plaintiff's claim there was the same as sued for here, and, was duly proved against William P. Hurley in that court. Later still, the plaintiff claimed to have discovered that one Frances E. Hurley, a woman, was in fact a partner with William P. Hurley in the

business, at the time the latter ordered the goods, and this suit is brought against her as such partner.

It nowhere appears in the evidence that the plaintiff, or its selling agent, at the time of the sale, supposed Frances E. Hurley to be a partner in the business, or sold the goods upon her credit. Whatever testimony was offered in support of that proposition was ruled to be incompetent. It had not been shown that any of the plaintiff's agents at this time of the sale were informed of any circumstances tending to prove her partnership interest. The plaintiff, therefore, could recover only by proving that Frances E. Hurley was in fact such partner.

The evidence introduced by the plaintiff upon this issue of actual partnership, tends to prove many and various circum-stances, notably acts and declarations of Frances E. Hurley, which are claimed by the plaintiff to be sufficient to establish her partnership interest. She was the owner of the real estate used in the business. She mostly kept the books. These books showed a personal expense account of William P. Hurley, and one of Frances E. Hurley. She was often about in the store, on the wharf, and at the kiln. She often expressed her opinion as to the expediency of different transactions in the business. She personally directed matters at times, as by ordering material for the business, or selling the product. She occasionally questioned bills presented, and assumed to adjust claims for or against the business. She was personally urgent that there should be a union of the lime-burners. She indorsed with her individual name several notes given in the business. She often signed the business name to letters, checks and receipts, sometimes with her initials added, and sometimes without. She commonly, if not always, when speaking in or of the business, used the first person singular or plural, but there was no evidence that she ever said she was a partner, or said that she had any direct pecuniary interest in the business. It may be fully conceded, however, that enough circumstances, in kind and quantity, were shown to amply prove that Frances E. Hurley had a partnership in the business, in the absence of

any other relation between her and William P. Hurley which would equally well explain all these circumstances.

But Frances E. Hurley was all this time the wife of William P. Hurley, who admittedly was engaged in the business, and who had purchased these goods. We think that all she is shown to have said and done as to the business may have been evoked by a strong, but exclusively wifely, interest in her husband's affairs. Her various expressions of interest, and even proprietorship, were no more than are commonly used by farmers' wives when speaking of the farm or dairy. As his wife, she was naturally interested in his business conduct and success. This interest would be excited, not only by wifely sympathy, but also by the fact that her own well-being would be affected by his business success or failure. If she was, as appears in this case, a woman of energy and business capacity, she would naturally advise, check and assist her husband, and even carry on more or less of the work herself. All that she did in this way would not alone raise a presumption that she was in his regular employ, and entitled to salary or wages. *Holmes* v. *Waldron*, 85 Maine, 312 ; nor any presumption that she was entitled to a share of the product. *Sampson* v. *Alexander*, 66 Maine, 182 ; *Berry* v. *Berry*, 84 Maine, 545.

The law cherishes the marriage relation. It recognizes the deep interest the wife should, and does, take in the business carried on by the head of the family. It regards and commends this interest as arising naturally from marital affection and duty rather than from any partnership in the business. This wifely interest is essential to the completeness of the marriage relation. Its quick and ample manifestation should not be restrained by any fear of danger therefrom to the wife or her separate estate.

Frances E. Hurley was a witness, and she explicitly and emphatically denied any partnership interest. Against her denial, the plaintiff's evidence falls far short of proving that she was a partner.

In Massachusetts, in 1861, under statutes generally similar to our present statutes, it was held that a business partnership between husband and wife was not contemplated by the statute,

and could not be formed so as to bind the wife. *Lord* v. *Parker*, 3 Allen, 127. But as this question was not raised nor argued here, we do not consider it.

*Motion sustained.    Verdict set aside.*