M. L. RANDALL, Appellant, v. W. V. DITCH AND WILL LOCKE, Appellees.

Landlord and Tenant: SALE BY TENANT: INTEREST OF LANDLORD: EVIDENCE. In an action by a tenant to recover the price of 1 hogs sold from the leased premises, where the defense was that the landlord owned the same and the evidence showed an agreement that the landlord was to receive as rent two-fifths of the grain and hogs raised on the premises, it was error to deny plaintiff the right to show a settlement with the landlord or whether he claimed an interest in the proceeds of the hogs.

Landlord and Tenant: PARTNERSHIP. An agreement between a 2 landlord and tenant that the latter was to receive as rent a portion of the proceeds of the sale of grain and hogs raised by the tenant did not constitute a partnership in the property, the landlord's interest being in the proceeds.

Landlord and Tenant: SALE BY TENANT: DIVISION OF PROCEEDS. 3 Under an arrangement between landlord and tenant that the former was to have as rent a portion of the proceeds of the

sale of grain and hogs raised by the tenant, a purchaser from the tenant was not bound to see that a proper division of the proceeds was made.

**Lien of Landlord: WAIVER.** Where a landlord is to have as rent
4   a portion of the grain and stock raised on the leased premises, he has simply a lien for his rent which is waived by consenting to a sale by the tenant.

*Appeal from Palo Alto District Court.*—HON. W. B. QUAR̄TON, Judge.

WEDNESDAY, APRIL 13, 1904.

ACTION at law to recover the purchase price of certain hogs sold and delivered the defendants. Trial to a jury, directed verdict for defendants, and plaintiff appeals.— *Reversed.*

*Thomas O'Conner* for appellant.

No appearance for appellees.

DEEMER, C. J.—Among other things, the defendants denied that they purchased the hogs from the plaintiff, and specifically averred that they purchased the same from plaintiff and one Thos. Vandicar, who it is claimed owned the property at the time of the sale. Plaintiff's evidence showed the following facts with reference to this issue: Plaintiff, Randall, was the tenant of Vandicar, who owned the land on which the hogs were raised. By the terms of their lease Vandicar was to have two-fifths of the proceeds from the land, and plaintiff three-fifths thereof. Plaintiff was raising considerable grain upon the land, and he proposed to Vandicar that he (plaintiff) would buy some hogs, feed the grain to them, and give Vandicar two-fifth of the animals, "the same as he was to give him of the grain on the place." This proposition was accepted, and it was also arranged that plaintiff was to sell the hogs when fit for market, and give Vandicar two-fifths of what the hogs sold for. The animals which defendants purchased were raised pursuant to this arrangement. Plaintiff's testimony also showed that he had paid

two-fifths of the proceeds of the hogs sold to defendants, and had had a full settlement with Vandicar therefor. Vandicar was also a witness for the plaintiff, and he testified to practically the same arrangement, and that he was to have two-fifths of the proceeds of the hogs when sold. This witness was also asked as to whether or not Randall had paid him two-fifths of the proceeds of the hogs sold to the defendants, and as to whether or not he claimed any interest in the proceeds of the sale of the hogs made to the defendants; but the trial court, on objections of the defendants, would not permit him to answer. Objection to a question tending to show a full and complete settlement between plaintiff and Vandicar of all matters growing out of the leasing of Vandicar's premises was also sustained. These rulings to which we have just referred were manifestly erroneous. Vandicar was not at any time claiming any interest in the hogs themselves. His claim was to the proceeds thereof, and, if this claim was satisfied by the plaintiff, it is clear that he (plaintiff) had the right to recover the entire purchase price.

At the conclusion of the evidence defendants filed a motion to direct a verdict for them on the ground that plaintiff was not the real party in interest, for the reason that the animals sold were not his property, but the joint or partnership property of plaintiff and Vandicar. This motion was sustained and a verdict directed accordingly. The ruling was clearly incorrect. Under the arrangement testified to by plaintiff and Vandicar, the landlord had no interest in the property itself. He was interested only in the proceeds, and this he was to have as rent for his land. There is no suggestion of a partnership in any of the testimony adduced. Moreover, the plaintiff, under the arrangement disclosed by the evidence, had the undoubted right to sell the property, and to collect the proceeds; and the purchaser was not bound to see that he made a proper division of the proceeds. A sale by plaintiff was fully authorized by Vandicar, and he could not disaffirm it, even if the plaintiff failed to make a proper division of the funds received. The

share reserved to Vandicar was rent. *Townsend v. Isenberger,* 45 Iowa, 670. And he had no interest either in the crops, or in the animals to which the crops were fed, until set apart to him. At most he had a lien for his rent, but he waived that by consenting to a sale by the tenant. . *Blake v. Coates,* 3 G. Greene, 548; *Wright v. E. M. Dickey Co.,* 83 Iowa, 464. The evidence does not indicate a joint ownership of the property. Indeed, that thought is distinctly negatived.

The trial court was in error in its rulings on evidence; and in sustaining the motion to direct a verdict. The judgment must therefore be and it is REVERSED.