King, J.,
delivered the opinion of the court.
Clarence Cobb, as plaintiff, brought his suit against the appellants herein, as defendants, to recover damages in the sum of $1,200, of which $500 were claimed as exemplary damages. The complaint alleged that at all times mentioned the defendants were conducting an automobile business in Denver under the firm name of The Kent Automobile Company, a co-partnership; that about April 16th, 1908, for a commission of 10 per cent of the selling price, plaintiff employed defendants to sell his automobile, valued at $1,700, and that on said date he delivered the automobile to the defendants for such purpose; that defendants agreed that the automobile would not be used or operated except by the said E. R. Kent, and then only for the purpose of demonstrating the same to contemplated purchasers, but that immediately after receiving the same the defendants, without the knowledge or consent of plaintiff, placed the automobile in the rent service, and in charge of incompetent and unskillful chauffeurs, and that it was used in such a reckless and unskillful manner that it was damaged while in the possession *of defendants in the sum of $600; that plaintiff spent $100 in repairing the same. Defendant, Carrie A. Kent, filed a general denial. Defendant, E. R. Kent, pleaded a general denial, and also a separate defense and cross-complaint, alleging that the automobile was left with him for repairs, which were made, of the value of. $25.07, no part of which had been paid, and prayed judgment in the said sum. Trial was had to a jury and a verdict of $500 for plaintiff *266 returned, upon which, judgment was entered and from which this appeal was taken.
The liability of the defendant, Carrie A. Kent, depends wholly upon the question of partnership. If it be said the complaint might have been so construed as to charge the defendants jointly, or jointly and severally, irrespective of the allegations of co-partnership, nevertheless the cause was not so tried. The court, without objection by plaintiff, instructed the jury that the suit was against the defendants as co-partners, and that unless a co-partnership was established by the evidence, the verdict must be for the defendants.
Defendants were husband and wife. At and prior to the events giving rise to the suit the husband was the owner of certain real estate at 1743 Logan street, in Denver. The lower part of the building thereon was used as a garage, and the upper portion as apartments, in which the defendants, with their children, resided. The husband was also the owner of the machinery and equipment with which the automobile business was carried on. No part of the property, either personal or real, stood in the name of, or belonged to, the wife, so far as disclosed by the evidence. The front of the garage bore the sign, “The Kent Automobile Co.” The evidence upon the part of the plaintiff tended to show that on April 16th, 1908, he delivered his automobile to E. K. Kent, between whom and plaintiff it was understood and agreed that the automobile should be received and kept at said garage for sale at a commission of 10 per cent upon the selling price; that Kent said he would give the car his personal attention and not allow anybody, excepting himself, to take it out' of the shop, and then only to make personal demonstration to prospective purchasers; that under these conditions the car was delivered by plaintiff in good condition; that he heard nothing from defendants until election day, *267 May 19th, 1908, when he saw that his car was being used in taking voters to and from the polls, and driven by a man not the defendant; that about four o ’clock that afternoon he went to the garage and saw Mrs. Kent, and the car also, standing near the curbing in front of the garage. He asked her what the car was doing there.and she said she didn’t know. He then attempted to run it into the garage, but, on account of its damaged condition, was unable to get it in without great difficulty. He then took the car away, and, on February 26th, 1909, filed his complaint in this suit. It is unnecessary to dwell upon the conflicting testimony as to the condition of the car when received .and when taken away, as the errors based thereon need not be determined. The further testimony of the plaintiff introduced for the purpose of tending to show that Carrie A. Kent was a partner of her co-defendant was, in substance, that he dealt with The Kent Auto Company; that Mr. Kent had charge of the place and he always dealt with Mr. Kent when he was there, but had some dealings with Mrs. Kent; that she had charge of the books, answered questions relative thereto, made out his bill for repairs and gasoline, and receipted the same, and, in speaking of the business, she used the plural pronoun “we” upon one occasion, namely, when making out and receipting a bill of July 14th, 1908, at which time she said to her husband: “I thought we would not charge him for the gasoline.” In reply to this Mr. Kent said: “I guess we will.” In addition to this testimony of plaintiff, he was permitted, over the objection of defendants, to. state that the defendants were co-partners; that Mrs. Kent “assumed responsibility in Mr. Kent’s absence, so far as my experience went,” and that she “acted as manager of the business.” Motions to strike these conclusions of the witness were overruled. Mr. and Mrs. Kent were called by .plaintiff, and interrogated as his own witnesses, but *268 not as npon cross-examination under the statute. Mr. Kent testified positively that he was the sole owner of the business; that his wife and children lived with him in apartments over the garage, and that his wife sometimes helped with the books and remained at the garage when he was away.; that she did not conduct sales; that the proceeds of the business were not divided between him and his wife, and no such arrangement existed; that the only use she. got from the proceeds was the support he furnished her as his wife; that he did not pay her a salary, although he sometimes paid her for work done; that such work as she did on the books, or in making out the bills and receipting the same, was done under his control, and upon his authority. Mrs. Kent, as plaintiff’s witness, testified, in substance, the same as her husband, but stated that some weeks after the automobile was taken away, the real estate was conveyed to her by her husband, and thereafter he rented the same, and paid the rental to her monthly.
1. A partnership is a contract, express or implied, between two or more competent persons, to place their money, effects, labor and skill, or some or all of them, in business, and to divide the profits and bear the losses in certain proportions. To constitute a partnership inter se there must be a unity of interest and for the prosecution of the business in which the supposed partner is charged. — Omaha & Grant S. R. Co. v. Rucker, 6 Colo. App., 334, 40 Pac., 853; Phillips v. Phillips, 49 Ill., 437; Parsons on Partnership, sec. 6. And whether or not a partnership existed depends upon the real intention of the parties.— Lindley on Partnership, 6th ed., pp. 10-11; Salter v. Ham et al., 31 N. Y., 321; Omaha & Grant S. & R. Co. v. Rucker, supra; Garrett v. Republican Co., 61 Neb., 541, 85 N. W., 537; Randall v. Ditch, 123 Ia., 582, 99 N. W., 190. Evidence of the acts of the wife in and about the business of *269 the husband was competent as tending to.show that she was a partner. Bnt much more evidence' is necessary to establish the existence of a business partnership between husband and wife, when denied by them, than between persons not sustaining that relation. The acts of the wife in assisting or advising her husband in the business, such as keeping the books, making out bills and receipting the same, and her use of the personal pronoun “we” in speaking of the business, and such other acts as have been hereinbefore recited, are not in themselves sufficient to establish her actual partnership interest against her explicit denial, as well as that of her alleged co-partner, as all these matters might be satisfactorily explained by her wifely sympathy, and the fact that her own well-being and that of her children would' be affected' by the business success of failure of her husband. And we think that all such testimony as is here given will not, alone, raise any presumption that the wife was entitled to any share of the product of the business as a co-partner therein. It is so held in John Bird Co. v. Hurley, 87 Me., 579, 33 Atl., 164, a well-considered case in which the court, by Mr. Justice-Emery, said: “The law cherishes the marriage relation. It recognizes the deep interest the wife should, and does, take in the business carried on. by the head of the family. It regards and commends this interest as arising naturally from marital affection and duty rather than from any partnership in the business. This wifely interest is essential to the completeness of the marriage relation. Its quick and ample manifestation should not be'restrained by any fear of danger therefrom to the wife or her separate estate. ” ' In this • case the evidence of plaintiff offered for the purpose of tending to show partnership falls far short of proof that the wife was -a partner-against explicit denials made by her and her husband. There is present no element of partnership by estoppel.
*270 2. The action of the court in permitting plaintiff to testify that defendants were co-partners, and that defendant, Carrie A. Kent, assumed responsibility over, and acted as manager of, the business, was .error, and we think prejudicial. Those were ultimate facts for determination by the jury under appropriate instructions from the court, and as to the defendant, Carrie A. Kent, at least, the question -of partnership was the pivotal question in the case. The statement of plaintiff that defendants were co-partners was merely his conclusion. Witnesses are only competent to state facts. The objections to these questions should have been sustained and the answers stricken out, and refusal so to- do was error. — Omaha & Grant S. & R. Co. v. Rucker, supra; Dwinel v. Stone, 30 Me., 384.
3. The only direct evidence of the use of the car by the defendants, or either of them, was the use made of it on election day. Whether that use was with or without the knowledge or consent of the plaintiff was an issue made by the pleadings. It was material, and possibly decisive of the liability of the defendant, E. E. Kent. The court instructed the jury that if the car was used on that day with the consent of plaintiff, then defendants would not be liable. Defendant, E. E. Kent, testified that, preceding the use of the car on election day he had a telephone conversation with the plaintiff, whom he knew, and whose voice he recognized, and that he asked and received permission from plaintiff to rent the car on that day,- and acted upon such permission in so renting it. He also attempted to testify that he had had numerous conversations with the plaintiff, for the purpose of showing that he was acquainted with plaintiff’s voice, but was not permitted so to testify. He was also refused permission to testify as-to who were present during said telephone conversation. He offered two witnesses to prove that they were present in his office at the time and heard the tele *271 phone conversation, and what it was, but such testimony was not permitted. We think this was error. As we have said, this was a crucial question. Defendant had testified to the conversation, and that plaintiff’s consent to run the automobile had been then obtained, and this conversation the plaintiff denied. It was important that defendant should be able to corroborate his own statement as ‘to such conversation, and the testimony offered and which was refused might, if received, have been decisive of that question. There seems to be no doubt of the admissibility of such testimony, either upon reason or authority. A telephone conversation between the parties, and upon the subject-matter of the litigation, having been testified to by one of the parties, may also be testified to by a bystander, so far as he heard it. — 12 Enc. of Ev., 478; Miles v. Andrews, 153 Ill., 262, 38 N. E., 644; McCarthy v. Peach, 186 Mass., 67, 70 N. E., 1029, 1 An. Cas., 801; Snively v. Colburn, 78 Ill. App., 93.
We. think the two instructions on the question of partnership were erroneous: The one numbered 2, because it did not correctly state the law applicable to the facts of this case considering the relation of the defendants as husband and wife; and the one numbered 10, in placing the burden of proving that no co-partnership existed upon the defendants, instead of placing the burden of proving its existence upon the plaintiff. But, as proper exceptions were not reserved, these errors have no influence in determining this appeal. Numerous other errors are assigned,. and we think súme of the objections therein well taken, but they need not be mentioned. For the reasons stated the judgment will be reversed and the cause remanded.

Reversed and remanded.