TOLERTON & WARFIELD COMPANY, Appellee, v. ANNIE CARLSON et al., Appellants.

**TRIAL: Calendars—Belated Motion to Transfer.** A motion to transfer from the equity to the law calendar, made by a separate and independent filing *after* the filing of an answer, is not timely.

**ACTIONS: Nature and Form—Prayer for Personal Judgment—Effect.** An amendment to a petition in equity (conceding it to be such) which prays for personal judgment against the defendant does not automatically change the action into one at law.

Headnote 1:  38 Cyc. p. 1294.  Headnote 2:  1 C. J. p. 1044.

*Appeal from Cherokee District Court.*—WILLIAM HUTCHINSON, Judge.

MARCH 17, 1925.

REHEARING DENIED JUNE 25, 1925.

SUIT on note and account, to recover for merchandise furnished as family expenses. From a judgment entered against defendant Annie Carlson, defendants appeal.—*Affirmed.*

*William Mulvaney,* for appellants.

*Peter Balkema,* for appellee.

ARTHUR, J.—I. Defendants, Annie Carlson and Olof Carlson, were husband and wife. The petition alleged that, during the period commencing on June 11, 1921, and ending February 17, 1922, A. L. Livingston, a retail merchant, sold and delivered to defendants, at the request of defendants, merchandise set forth in the bill of particulars, and that said merchandise was bought and furnished and used as reasonable and necessary expenses of the family of defendants. The account totaled $1,748.64. The note was for $1,644, signed by defendant Olof Carlson. It is alleged that the note was executed to evidence the account. The note was made to Livingston. The note and account were assigned by Livingston to plaintiff, and the note indorsed by Livingston. The action was brought in equity, and prayed that a lien be established against certain described real estate owned by defendant Annie Carlson, in the amount of the note and account, and prayed foreclosure of said lien and sale of the premises to satisfy the lien. The prayer of the petition was amended by demanding personal judgment against defendants.

Defendants filed separate answers. Defendant Olof Carlson admitted execution of the note sued on; that the note was due and unpaid; and that the note had been sold and transferred to plaintiff. He further alleged that, on the 15th of November, 1922, he was adjudged a bankrupt, and that plaintiff was with-

out right to maintain the action against him; denied that he was indebted on the account sued on in any sum.

Defendant Annie Carlson denied indebtedness on either the note or the account. After filing her separate answer, defendant Annie Carlson filed a motion to transfer the cause to the law side of the docket, on the grounds that the original petition prayed for equitable relief, and was amended so as to make the action one at law, and that the issues joined showed the action to be one at law. The motion to transfer to law was overruled, and the case went to trial. At the close of plaintiff's evidence, defendants moved to dismiss the action on the grounds that it appeared from the evidence that plaintiff was not the real party in interest; that the real party in interest was Livingston; that the evidence disclosed that plaintiff had no interest in the account sued on; that the note had been assigned to plaintiff, after Carlson had been adjudged a bankrupt; that, after the petition was filed, the action had been converted into one at law by the amendment to the petition; and that, defendant Olof Carlson having been adjudged a bankrupt by a Federal court, the state court had no jurisdiction as to him. The motion was overruled, and defendants offered their testimony. The court found that Olof Carlson contracted the indebtedness on which the suit was brought; that the indebtedness was incurred for reasonable and necessary expenses of the family; and that defendant Annie Carlson, being the wife of said Olof Carlson, was liable under the statute (Section 3165, Code of 1897, Section 10459, Code of 1924) on said indebtedness, and entered judgment in favor of plaintiff against defendant Annie Carlson, in the sum of $1,734.72. Evidently the amount for which judgment was entered was for the amount of the account represented by the note, less a credit of $72 claimed for certain work done by Annie Carlson for Livingston, with interest at 6 per cent from the close of the account, on February 17, 1922, to the date of the judgment. Plaintiff had demanded judgment for the full amount of the account, which was about $100 more than the note. It was claimed that the note was made for less than the account through an error.

II. The brief and argument of counsel for appellant are devoted mainly to the proposition that the action was one at

law, and not maintainable as an action in equity, and that over-

1. TRIAL: calendars: belated motion to transfer.

ruling his motion to transfer the case to law was error, on which there should be reversal on this appeal.

Sections 3432, 3433, and 3434, Code of 1897, provide:

"Section 3432. An error of the plaintiff as to the kind of proceedings adopted shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings, and a transfer to the proper docket.

"Section 3433. Such error may be corrected by the plaintiff without motion at any time before the defendant has answered, or afterwards on motion in court.

"Section 3434. The defendant may have the correction made by motion at or before the filing of his answer, where it appears by the provision of this Code wrong proceedings have been adopted."

As disclosed by the abstract, appellant Annie Carlson, who alone moved to transfer to law, waived, and did not avail herself of the provisions of Section 3434. The order of filings, as disclosed by the abstract, is that separate answers were filed, and said filings were followed by the motion to transfer to law. The motion was not filed "at or before the filing" of the answers, but afterwards. Neither were there statements in the answers that they were filed subject to motion and ruling thereon to transfer to law; and the motion contained no such statement. There was contained in the motion to dismiss at the close of plaintiff's testimony, a motion to transfer to law, but that was too late.

Some claim is made that the original petition appeared to be in equity, and was changed to law by the amendment. Such claim is without merit. The amendment was simply a demand

2. ACTIONS: nature and form: prayer for personal judgment: effect.

for personal judgment, which was proper both in law and in an equity case, and did not change the nature of the case. We have no occasion to pass upon the question of whether the case was one of law or equitable cognizance. Overruling the motion to transfer was not error, under the situation disclosed by the record in this case. *Moore v. District Township of Union,* 28 Iowa 425.

It is contended that the state court had no jurisdiction to hear and determine the action against Olof Carlson after he had been adjudged a bankrupt, and while said bankruptcy matter was pending in the Federal court. Be that as it may, no harm was done. No judgment was entered against Olof Carlson.

The contention that Livingston, and not appellee, was the real party in interest, is without merit. Livingston was doubtless interested because he indorsed the note to plaintiff; but, upon assignment of the indebtedness to appellee, it became the owner, and entitled to maintain the action.

We will refrain from setting forth the evidence. It would serve no purpose. We have carefully examined the entire record, and conclude that the findings and judgment of the court had ample support in the evidence.

The judgment entered below is affirmed.—*Affirmed.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.