CHARLES JOHNSON, Appellee, v. G. O. WATLAND et al., Appellants.

No. 39823.

NOVEMBER 12, 1929.

*J. H. Patton*, for I. S. Rasmussen, appellant.

*J. G. Shifflett*, for G. O. Watland, appellant.

*Rayburn & Rayburn*, for appellee.

MORLING, J.—The note sued upon was given at a public farm sale held by the indorsers, Watland, the landlord, and Rasmussen, the tenant. The note was taken by the clerk at the sale,  and, as appellants contend, was, without authority, made payable to "Watland and Rasmussen," and indorsed by Rasmussen with the name "Watland Rasmussen," in order to get the proceeds of the sale. The contention of the plaintiff, as we understand, is that the note was taken in the prosecution of a joint adventure between Watland and Rasmussen, and that they have, by not returning the proceeds of the note, ratified it and its indorsement.

Watland (first party) leased to Rasmussen (second party) a farm "at the rent of share rent as below specified as follows to wit, second party hereto to furnish work horses * * * to conduct said farm. Each party hereto to furnish one half of all other stock and bear equal expense connected with the conduct-

ing of said farm and to share equally in the increase of all stock
* * * or anything else produced on said premises, second party
to furnish all help necessary in the conducting of said farm free
of charge to party of the first part, said premises to be used for
general farming." Then follow ordinary provisions in reference
to payment of rent, farming operations, care of premises, etc.,
to be observed by the tenant.

Plaintiff alleges in his petition that the defendants were
partners. At the conclusion of the evidence, he asked leave
to amend his reply, alleging that the enterprise between Watland
and Rasmussen was one of joint adventure.
Whether plaintiff means that the joint adventure
was in the farming operations or in the sale,
or both, is not clear. Under the well established
rule in this state, the relationship between ap-
pellants as the result of the contract of lease was one of land-
lord and tenant, and not of partnership or joint adventure. *In
re Estate of Schultz*, 196 Iowa 125; *Kelley v. Kelley*, 189 Iowa
311; *Taylor v. Successful Farm. Pub. Co.*, 197 Iowa 618. The
property sold was jointly owned by appellants, under the lease,
and the sale, though advertised in the name of "Watland and
Rasmussen," was merely a sale of their joint property, for the
purpose of converting it into money in closing up the tenancy.
It was in no sense a venture.

Burroughs clerked the sale. Watland testified, without con-
tradiction, that he (Watland) employed his bank to clerk the
sale, under an arrangement by which the bank was to take the
notes and pay the cash. Asked, "Were you to sell the notes or
to indorse them?" he answered, "I was not to have anything
to do with it." He had nothing to do with Burroughs, and
"never authorized Mr. Burroughs or anyone else to sell any
notes taken at that sale." Burroughs at first testified that Ras-
mussen requested him to clerk the sale, but, Rasmussen having
testified that he did not, Burroughs said he couldn't be sure
whether the bank asked him to clerk it; that "they might have
spoken to me about it; it happened once in a while that, when
such business came to the bank, they would ask me to clerk it
for them." Burroughs testified, "I had planned to place these
notes before the sale. I did not take the notes myself." Asked
in behalf of plaintiff, "In clerking the sale, Mr. Burroughs, were

you acting for anyone except yourself, as clerk,—were you em-
ployed by anyone except the defendants?" he answered, "I
was acting for myself alone." Burroughs also says that, for a
considerable time after the note was purchased by plaintiff, it
was in his (Burroughs's) possession, as agent. Plaintiff says
that the note was, for a time, in the possession of Burroughs,
and then it was turned over for collection. There is no evidence
that Burroughs was authorized to take notes payable to appel-
lants. Burroughs, asked why the note was indorsed by Ras-
mussen "Watland Rasmussen," answered, "In settlement of
the sale account." He says that neither Watland nor Rasmussen
told him to take the notes in the name of Watland and Ras-
mussen; that, "when it came to indorse that note, I just told
Mr. Rasmussen to indorse it 'Watland and Rasmussen.' " Ras-
mussen says that he wrote "Watland and Rasmussen" on the
back of the note "because Mr. Burroughs asked me to sign it,
before I could get my money. He told me to sign it 'Watland
Rasmussen.' " Burroughs made out checks to Watland and
Rasmussen severally for their respective shares of the net pro-
ceeds of the sale. These checks came into the possession of the
appellants respectively. Just how, is a matter of conflict in
the evidence. Watland, however, had no transaction whatever
with Burroughs on the subject. Watland received the check
signed by Burroughs for his share of the net proceeds of the
sale in ignorance that the note in question was made payable
or was indorsed as now appears.

Neither Burroughs nor Rasmussen was agent for Watland.
Neither of them pretended to have authority of any sort to in-
dorse the note for Watland, nor was the indorsement made as
one of a note belonging to and sold by Rasmussen or Watland
or both. Rasmussen was merely placing on the back of the note
the name "Watland Rasmussen" because Burroughs directed
him to. Burroughs, if representing anybody other than him-
self in the transaction, was representing plaintiff. On the un-
disputed facts here, what was done by Rasmussen in indorsing
the note was done in behalf of Burroughs, not in behalf of ap-
pellants. It was to accomplish Burroughs's purpose to perform
his duty of accounting to appellants in cash, and to acquire the
note for plaintiff. Defendants, particularly Watland, were re-
ceiving merely what they were entitled to receive from Bur-

roughs, and not receiving the proceeds of an act assumed to be done by Rasmussen for them. *Wycoff, Seaman & Benedict v. Davis,* 127 Iowa 399; *Ritter v. Plumb,* 203 Iowa 1001; 2 Corpus Juris 474. As to Watland, further, the transaction in question was wholly without his knowledge or authority, and the fact that the money was used for his benefit in making payment to him of his share of the proceeds of the sale was not ratification. *Eggleston v. Mason & Co.,* 84 Iowa 630; *McIntosh & Cathro v. Penney,* 190 Iowa 194, 204; 2 Corpus Juris 499; *Huismann v. Althoff,* 202 Iowa 70. The concern of the parties in this lawsuit apparently is with Watland. No separate theory as to Rasmussen,—e.g., the question of varying a contract of indorsement by parol evidence,—is presented.—*Reversed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and GRIMM, JJ., concur.