LEE R. McMANIS, Appellee, v. KEOKUK SAVINGS BANK & TRUST COMPANY, Defendant; CATHERINE E. DUPY, Administratrix, Appellant.

No. 47257.

(Reported in 33 N. W. 2d 410)

1106

August 2, 1948.

Rehearing Denied September 24, 1948.

J. O. Boyd and Charles P. Beard, both of Keokuk, for appellant.

G. L. Norman and H. F. Martin, both of Keokuk, for appellee.

OLIVER, J.— The record on appeal does not comply with Rule 340, Rules of Civil Procedure. It is in three parts: (1) Appellant's Record on Appeal (2) Appellee's Amendments to Record on Appeal (3) Objections to Amendments to Record on Appeal. The order of the trial court recites that (1), (2), and (3) "be now settled as the true record for consideration on appeal." This does not comply with the provision of Rule 340(c) that the record be settled in the trial court. Furthermore, each of the corrections, substitutions or additions to the proposed abstract referred to in Rule 340(c) should be made by addition, correction or deletion and substitution, and inserted at the proper place therein. Pfeffer v. Finn, 239 Iowa 24, 30 N. W. 2d 481.

Plaintiff, Lee R. McManis, was a son of Flora Kammerer who died intestate in 1946, survived by four children. She had opened the bank account in March 1944, and her name alone appeared on the signature card, passbook, and bank records. In August 1944 the following instrument (signature card), Exhibit A, was executed and attached to the original signature card in the files of the bank:

"JOINT ACCOUNT—PAYABLE TO EITHER OR SURVIVOR.

"We agree and declare that all funds now, or hereafter, deposited in this account are, and shall be, our joint property and owned by us as joint tenants with right of survivorship, and not as tenants in common; and upon the death of either of us any balance in said account shall become the absolute property of the survivor. The entire account or any part

thereof may be withdrawn by, or upon the order of, either of us or the survivor.

"It is especially agreed that withdrawals of funds by the survivor shall be binding upon us and upon our heirs, next of kin, legatees, assigns and personal representatives.

LEE R. MCMANIS

MRS. FLORA KAMMERER."

The bank added plaintiff's name on the depositor's pass-book and "put on the joint account stamp" so that it read, "Lee R. McManis or Mrs. Flora Kammerer as joint tenants with right of survivorship and not as tenants in common." The ledger sheets of the account were changed to show both names.

After the death of Flora Kammerer her administratrix notified the bank her estate claimed the account. Payment was refused plaintiff. He brought this action against the bank and administratrix. Defendant bank claimed no interest in the account. It may be here noted that the form of Exhibit A was identical to that in In re Estate of Winkler, 232 Iowa 930, 5 N. W. 2d 153. The bank was the same, the procedure the same and the two cases quite similar.

The administratrix pleaded the execution of the signature card was for convenience only and that decedent intended withdrawals during her lifetime would be used for her benefit and the balance remaining in the account at her death divided among her four children. Appellant sought to prove this pleaded defense by testimony decedent formerly had a joint bank account with a daughter, that decedent stated the joint account with plaintiff was established for her convenience because she was not physically able to go to the bank, and that she wanted her children to share equally in her estate after payment to plaintiff of rent for the apartment owned by him which she occupied. There was testimony for plaintiff that decedent said she wanted plaintiff to have the bank account, that she frequently discussed the joint account involved in the case of In re Estate of Winkler, supra, with Louis Winkler, a neighbor and said to him, "I fixed a joint survivor account so there wouldn't be any more argument over it, I don't want another Winkler case."

The trial court rendered judgment for plaintiff, holding Exhibit A constituted a contract between the parties and expressed a clear intent to create a joint tenancy, that there was no competent evidence of an intent different from that indicated in Exhibit A, and that the reason behind its execution was immaterial.

■ I. Most of the assignments of error are answered by In re Estate of Murdoch, 238 Iowa 898, 903, 29 N. W. 2d 177, 179, which refers to the rule that "the wording of a clear-cut and unambiguous contract must control in construing it" and quotes, " 'but when such intent [of the parties] is evidenced by a written agreement, the question of intention ceases to be an issue and the courts are bound by the agreement.' " Continuing, the decision states:

"We held in the Winkler case, supra, that such an agreement as we have here constituted a contract, consideration being presumed since it was in writing; that it was an agreement *declaring in express terms the rights of the parties.* We view the present writings, so-called signature cards, in the same light. Under our rules of construction, in the absence of a plea of fraud, duress, or mistake, we are bound by the plain and expressed terms of the agreement. Extrinsic evidence tending to change this expressed intent is not competent."

The approach and reasoning of the distinguished trial court, as shown in the judgment entry, were practically the same as in the Murdoch decision, supra, which was filed some time later. We are not prepared to depart from the holding in the Murdoch case.

■ II. Appellant makes some claim of fraud, duress or undue influence based upon the contention plaintiff was the dominating person in a fiduciary and confidential relationship between decedent and himself. This claim will not be considered because it was not pleaded. In re Estate of Murdoch, supra. Nor do we understand this contention was made in the trial court.

■ ■ III. Appellant contends the dead man statute, section 622.4, Code, 1946, made the officers of the bank incompetent to testify to decedent's transactions with the bank which was

a party to the suit and that the want of such proof by competent witnesses was fatal to plaintiff's case. We need not consider the competency of these witnesses. The execution of Exhibit A was admitted. Furthermore, a witness who was familiar with the signature of the parties identified the signatures. This testimony was not to a personal transaction with decedent within the meaning of the statute. 'Sankey v. Cook, 82 Iowa 125, 128, 47 N. W. 1077; Tucker v. Anderson, 172 Iowa 277, 154 N. W. 477, Ann. Cas. 1918A, 769. Nor was objection made to the competency of this witness to so testify. Exhibit A was properly in evidence together with the passbook and the records of the bank. These were sufficient to establish plaintiff's case.

IV. Error is predicated upon the overruling of defendant's motion to transfer the cause from law to equity. Code section 611.9 requires such motion be made at or before answer is filed. Here it was not made until after the filing of several amended petitions and answers which did not change the original character of the proceeding. As held in Moore v. District Township of Union, 28 Iowa 425, 427: "The objection existed when defendant's first answer was filed; not having been made at the proper time, the law presumes that it was waived." No error appears here. Moreover, the trial was actually conducted as an equity case and the judgment recites the result would have been the same in either forum. .

V. Appellant contends the trial court did not apply the proper principles of the common law to the factual situation. We are unable to agree with this conclusion. The complaint appears to be that the creation of a joint tenancy under the common law requires unity of possession, interest, time, and title in each joint tenant and that some of these prerequisites were not present because the bank account had been the individual property of Flora Kammerer. In Switzer v. Pratt, 237 Iowa 788, 23 N. W. 2d 837, a like contention was considered and a conveyance by a husband and wife of the husband's lands to themselves as joint tenants, with right of survivorship, was held a valid conveyance in joint tenancy.—Affirmed.

All JUSTICES concur.