Juliana Vosges, Appellant, v. Don Clark et ux., Appellees.

No. 47428.

(Reported in 38 N. W. 2d 611)

August 5, 1949.

Healey & Reynolds, of Creston, for appellant.

E. L. Carroll, of Creston, for appellees.

WENNERSTRUM, J.—Plaintiff brought an action in equity, her petition being divided into four divisions or counts. The nature of the allegations in these several counts will be commented on later. Thereafter defendants filed an answer to the several divisions of plaintiff's petition. After the concluding prayer of defendants' answer there is a final paragraph wherein they "ask that this action be transferred to law from equity * * *". A counterclaim to plaintiff's petition was also filed. To the counterclaim plaintiff filed an answer. Subsequent to the filing of the pleadings heretofore referred to, the defendants filed a motion to transfer each and every division of plaintiff's petition from equity to law. The court sustained this motion. Other pleadings pertaining to the issues then pending were later filed by the respective parties. Upon trial the jury returned several verdicts on the several divisions of plaintiff's petition and the counterclaims of defendants but upon the entire case judgment was entered against the plaintiff. She has appealed.

In division one of appellant's petition an oral lease for the period of one year covering certain farm property is pleaded. Under the claimed terms of this lease the appellant was to receive a percentage of the grain raised and was to be paid certain cash rent for the pasture land. Appellant therein asked for an accounting of the grain raised and a settlement thereon, for a judgment on the cash pasture rent due, and further prayed that a writ issue for the enforcement of a landlord's lien held by the appellant against the property of the appellees which was subject to this lien. Appellant, in division two, seeks recovery for the purchase price of 500 bushels of corn for which it is claimed the appellees agreed to pay the market price. In division three it is alleged that appellant and appellees entered into an oral partnership agreement for the purchase of brood sows, that the appellant furnished the money for the entire purchase price and that the appellees had agreed to pay one half of the cost of the purchase price of said hogs and were to account to the appellant for one half of the proceeds from the sale of the offspring.

It is claimed that the appellees have failed to pay one half of the initial purchase price of the hogs and to account for the proceeds obtained from the sale of their pigs. In division four appellant seeks to collect on a promissory note given by appellees.

Following the ruling of the court on appellees' motion to transfer the appellant's cause of action from equity to law, which was sustained, the appellant replied to appellees' answer. She then filed a motion to transfer the claimed equitable issues from the law to the equity docket, asserting that division one involved an accounting and that division three pertained to the termination of a partnership agreement. This motion was overruled by the trial court. A subsequent amendment to answer was filed by the appellees and the appellant thereafter filed an amendment to her reply.

It is the contention of the appellant, as grounds for a reversal, that the court erred (1) in transferring the entire case from equity to law; (2) in overruling the appellant's motion to withdraw the issues raised by division one of appellant's petition from the consideration of the jury; (3) in overruling appellant's motion to withdraw divisions three and four of her petition from the consideration of the jury, and (4) in refusing to sustain appellant's motion for a new trial.

I. The following statute should be considered in connection with appellant's contention that the court erred in transferring the entire case from equity to law.

Section 611.9, 1946 Code. "The defendant *may have the correction made by motion at or before the filing of his answer*, *where* it appears by the provisions of this code wrong proceedings have been adopted." (Italics supplied.)

It is the general rule that a failure to file a motion to transfer from equity to law prior to filing an answer constitutes a waiver of any right to have such a motion considered. Moore v. District Township of Union, 28 Iowa 425, 427; Crissman v. McDuff, 114 Iowa 83, 84, 86 N. W. 50; Fisher v. Trumbauer & Smith, 160 Iowa 255, 260, 138 N. W. 528, 141 N. W. 419; Tolerton & Warfield Co. v. Carlson, 200 Iowa 366, 369, 202 N. W. 568; Penn Mutual Life Ins. Co. v. Doyen, 211 Iowa 426, 427, 233 N. W. 790; Kimmel Investment Corp. v. Renwick, 220 Iowa

362, 363, 261 N. W. 775; McManis v. Keokuk Savings Bk. & Tr. Co., 239 Iowa 1105, 1110, 33 N. W. 2d 410, 412.

This rule, however, cannot be applied here inasmuch as the appellees in their answer did "ask that this action be transferred to law from equity, and that the same be submitted to a jury for trial and hearing." It is true the trial court did not rule upon this request but it properly could have done so. This request, as incorporated in appellees' answer was, in fact, a motion and having been made "at * * * (the time of) the filing of * * * answer" it cannot be said that it was not timely made. Even though appellees filed a subsequent motion to transfer the appellant's cause of action from equity to law, which was sustained, it was but a renewal of the motion or request incorporated in appellees' answer. Under the record the original motion and request to transfer was timely made.

II. On consideration of the appellant's pleadings we have concluded that the trial court properly sustained appellees' motion to transfer the entire case from equity to law. In division one of appellant's petition she pleads an oral lease, asks for an accounting by reason of a percentage agreement concerning the grain raised, a judgment for cash rent claimed due and then asks for the enforcement of a landlord's lien against the property of the appellees which was subject to the lien.

In the case of Goldthorp v. Keenan, 192 Iowa 22, 28, 181 N. W. 777, 779, we stated:

"An action under Section 2993 of the Code [570.5, 1946 Code] to enforce a landlord's lien is prosecuted by ordinary proceedings * * *. The motion to transfer the case to the law side of the docket for trial was, therefore, properly sustained."

It has been suggested that our holding in Beh v. Tilk, 222 Iowa 729, 731, 269 N. W. 751, is controlling as to the instant case. In this last-cited case it was held that where there was a written lease which, in addition to the statutory lien, made the rent charge a lien upon the property of the tenant, this lien was in effect a chattel mortgage or equitable lien. It is therein held that an action to enforce an equitable or contract lien is properly brought as an action in equity. However, in the present case we

do not have a written lease. There is no lien other than the statutory one and it is our conclusion that the Beh case is not controlling under the facts in the present case. The issues involved in count one of the petition relate to the amount of grain raised by appellees and the claimed cash rent due for the pasture. Although the lease was an oral one it was the usual share lease and the issues pertaining to it were properly tried at law. Upton & Co. v. Paxton, 72 Iowa 295, 298, 33 N. W. 773. The relationship between the parties was solely that of landlord and tenant. Johnson v. Watland, 208 Iowa 1370, 1372, 227 N. W. 410. Under the authorities heretofore cited we hold that the trial court was correct in transferring the case for trial to the law court and in thereafter refusing to transfer the trial of count one of the petition to the equity court.

 III. The claimed error on the part of the trial court in failing to sustain appellant's motion to withdraw counts one, three and four from the consideration of the jury at the close of all the evidence necessitates a consideration of the pleadings and the evidence presented. We are satisfied that counts one and four were properly transferred to law on the authorities heretofore set forth. Was count three rightfully transferred? In this portion of the petition appellant alleges that she and the appellee Don Clark entered into a partnership agreement for the purchase of four brood sows and the equal division of their offspring. The appellees in answering this count of the appellant's petition admitted that portion of the petition wherein it was alleged that a partnership relative to the sows had been entered into. They further alleged in their answer that they had offered to settle for two of the brood sows in that two of them had died. They allege that they had accounted to the appellant for the proceeds of the sale of the pigs raised. The trial court directed a verdict for the appellant and against appellees for the price of the two sows, and the jury found for the appellees on the issue as to the sale of the pigs and the payment of one half of the proceeds to appellant.

Even if appellees in their answer admitted that a partnership existed yet under the record we do not feel that there was error justifying a reversal. The trial court directed a verdict

in appellant's favor for one half the cost of the brood sows purchased by appellant. This was what appellant sought in her petition and is what appellees admit to be the fact. The appellees pleaded and offered evidence in support thereof that they had accounted to appellant for one half of the proceeds of the offspring of the sows. There was no denial of this fact in appellant's evidence.

The fact that appellant alleged in her petition and appellees admitted in their answer that there was a partnership agreement relative to the purchase of the brood sows does not of necessity require that the cause be tried in equity. The fact that both parties considered their arrangement as to the purchase of the sows a partnership would not necessarily change their relationship of landlord and tenant. Johnson v. Watland, supra; In re Estate of Schultz, 196 Iowa 125, 129, 194 N. W. 242. Under the authorities cited the issues presented in count three of the petition were properly tried in law. The case of Johanik v. Des Moines Drug Co., 235 Iowa 679, 17 N. W. 2d 385, cited by appellant, is not applicable to the facts in the case here reviewed.

Upon consideration of the entire record and the appellant's claimed errors we find no justification for a reversal.—Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.