**FEDERATED MUTUAL IMPLEMENT AND HARDWARE INSURANCE COMPANY, Appellant,**

v.

**Arnold H. ENG, Executor of the Estate of Herman Eng, Deceased,. Arnold H. Eng, Donald L. White and Mason City White Truck, Inc., Appellees.**

**No. 53997.**

Supreme Court of Iowa.

June 23, 1970.

Rehearing Denied Sept. 2, 1970.

Swisher & Cohrt, Waterloo, for appellant.

Robert C. Moody, Yuma, Ariz., and Zastrow, Noah & Smith, Charles City, for appellees, Arnold H. Eng, individually, and Arnold H. Eng, Executor of the Estate of Herman Eng, deceased.

Brown, Dresser & Kinsey, Mason City, for appellees Donald L. White and Mason City White Truck, Inc.

REES, Justice.

Action for a declaratory judgment brought by appellant insurance company seeking a construction of its policy which provided one Herman Eng, now deceased, with protection against legal liability arising out of his ownership, maintenance or use of a 1962 Chevrolet automobile. The automobile was involved in a collision following death of insured, while being operated by executor of insured's estate. From a decree holding appellant company's policy extends to the subject matter of a damage action instituted against decedent's estate and requiring appellant to appear and act on behalf of appellee executor, the company appeals. We affirm.

.On or about the 8th day of August, 1967, plaintiff Federated Mutual Implement and Hardware Insurance Company entered into a contract with one Herman Eng to provide Eng as named insured with protection against legal liability arising out of Eng's ownership, maintenance or use of a 1962 Chevrolet six-cylinder Biscayne two-door sedan automobile, and issued to Eng plain-

tiff's insurance policy number 126867. Eng owned and resided upon an 80-acre farm east of Nora Springs. He also was the owner of a second farm about a mile north of the farm on which he resided, which was tenanted by his son, the defendant Arnold H. Eng. Both farms were operated by Arnold Eng; Herman Eng was a widower, his wife having passed away in 1964. Herman Eng also was the owner of a pickup truck. The Chevrolet automobile was garaged on the farm occupied by the elder Eng, but was borrowed by the son Arnold at least once a week during the elder Eng's lifetime. Herman Eng died testate on August 27, 1967, and on October 5, 1967, Arnold H. Eng was appointed and qualified as executor of his estate. At his death Herman Eng was still the registered owner of the Chevrolet automobile in question. After the father's death, the Chevrolet automobile remained in the garage on the 80-acre farm for about a month, and thereafter it was maintained on the farm occupied by Arnold Eng, and frequently used by him as his own personal car and on his own personal business. Arnold Eng was the owner of another automobile, a 1963 Oldsmobile passenger car which was used five days a week by his wife for the purpose of driving to college at Waverly. On November 13, 1967, Arnold Eng left his home at approximately 8 o'clock to go to Mason City to transact some business with a livestock buyer. He had previously sold 100 head of hogs to the buyer for an agreed price of $17.50 per hundredweight. When he received the check for the hogs he noted he had been compensated at the rate of $17.25 per hundredweight and the purpose of his trip to Mason City was to collect the difference between the agreed price and the amount represented by the check in his hands, or the sum of $57.75. The hogs had been purchased with moneys advanced by the senior Eng who had also advanced money for the cost of feed supplements for the hogs. Under the farming arrangement between Herman Eng and his son, each was to bear half of the cost of the acquisition of the livestock and the cost of feed and the moneys received from the sale was to be divided equally. The farming arrangement was one commonly referred to as a "stock-share" lease or rental arrangement. No written lease agreement had ever been entered into between the elder Eng as the owner of the farm and the younger Eng, the tenant and operator.

On his return from Mason City on November 13, while driving the Chevrolet automobile still registered in the name of his deceased father, and while proceeding down an ice and snow coated hill, Mr. Eng, Jr., was involved in a collision with a truck owned by the defendant Mason City White Truck, Inc., and driven by defendant Donald L. White. The operator of the truck sustained personal injuries and the truck was damaged. On January 30, 1968, a civil action was commenced in the Cerro Gordo District Court by Donald L. White and Mason City White Truck, Inc., against Arnold H. Eng as executor of the estate of Herman Eng, deceased, and in his individual capacity. Thereafter the appellant here instituted its action for declaratory judgment in which it prayed that the court take jurisdiction pursuant to Rule 261, Rules of Civil Procedure, and that the court construe insurance contract under which the Chevrolet automobile was insured by the company and declare whether or not it had any obligation thereunder in respect to the subject matter declared upon in the damage action instituted by Mason City White Truck, Inc., and Donald L. White then pending in Cerro Gordo county, and that the court adjudge and declare the said liability insurance policy did not extend to the subject matter of said damage action and that the plaintiff had no obligation in respect thereto. After the issues were made up by the filing of an answer and reply, the cause proceeded to trial, resulting in the entry of the court's decree construing the policy and declaring plaintiff was obligated to appear and act on behalf of its insured in conformance and compliance with its contractual obligations contained in the insurance contract.

The pertinent provision of the plaintiff's contract of insurance is condition #16 which provides,

"16. Assignment: Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon; if, however, the insured named in Item 1 of the declarations, or his spouse if a resident of the same household, shall die, this policy shall cover (1) the survivor as named insured, (2) his legal representative as named insured but only while acting within the scope of his duties as such, and (3) any person having proper temporary custody of an owned automobile, as an insured, until the appointment and qualification of such legal representative."

Concededly Arnold H. Eng as executor of the estate of Herman Eng, did not at any time notify the plaintiff of the death of the insured. Plaintiff's insured was not survived by a spouse, so provision (1) of the above set out condition is not applicable here. Administration had been opened on the estate of the deceased-insured, and a legal representative had been appointed so provision (3) of the above set out condition has no application. It is the contention of the plaintiff that on November 13, 1967, the Chevrolet was being driven at the time of the happening of the collision by Arnold H. Eng for himself and for his own personal reasons, and that he was not operating the automobile within the scope of his duties as executor of the estate of Herman Eng, deceased. The defendants contend otherwise; insisting that the trip to Mason City to collect the difference in the sale price of the hogs between the agreed sale price and the remittance therefor was in part on business of the estate of Herman Eng, as the estate was or had been prior to the sale the owner of an undivided half interest in the hogs, and that the automobile at the time of the happening of the collision was therefore being driven by defendant Arnold H. Eng while acting in the scope of his duties as executor of his father's estate.

I. After finding the facts to be substantially as above set out, the trial court concluded as a matter of law that under the evidence the relationship between Herman Eng and Arnold H. Eng during the lifetime of the senior Eng was that of landlord and tenant, and that the hogs being fed for market by Arnold Eng at the time of Herman Eng's death were owned by them in common and that an undivided one-half interest therein passed to his estate, it necessarily following that in the sale of the hogs and the collection of the proceeds Arnold Eng, both individually and as executor of his father's estate, had a direct interest in the transactions and that Arnold Eng was acting within the scope of his duties as executor at the time of the collision between the Chevrolet automobile owned by the Herman Eng estate and the truck owned by Mason City White Truck, Inc. The trial court therefore ordered, adjudged and decreed that the prayer of plaintiff's petition be denied and that the prayer of the answer of the defendant Arnold H. Eng, individually and in his capacity as executor of the estate of Herman Eng, be granted. By such decree the court effectively declared, found and adjudged that the liability insurance policy issued by the plaintiff extends to the subject matter of the damage action pending in Cerro Gordo county and that the plaintiff insurance company was therefore obligated to appear and act on behalf of the defendant in conformance and compliance with its contractual obligations contained in said policy.

The plaintiff thereafter filed its motion to amend the ultimate findings and conclusion and to modify the judgment of the trial court, which motion was overruled.

In the original decree and in the ruling on the motion to modify, the trial court expressed its reliance upon Johnson v. Watland, 208 Iowa 1370, 227 N.W. 410. The Johnson case grew out of a farm sale at which certain personal properties belonging to Watland, the landlord, and one Rasmus-

sen as tenant were sold. The relationship between Johnson and Watland was evidenced by a written lease which provided each party was to furnish one-half of all stock other than work horses, and was to bear equally the expense connected with the conducting of said farm and to share equally in the increase of all stock or anything else produced on the premises. At the termination of the relationship, a sale was held and a note was taken by the clerk of the sale from Johnson. Johnson later contended the note was taken in the prosecution of a joint adventure between Watland and Rasmussen and the endorsement by Rasmussen and the failure of Watland and Rasmussen to return the proceeds of the note constituted a ratification of the transaction. At page 1732 of the Iowa citation, 227 N.W. at page 411, the court said,

"The property sold was jointly owned by appellants under the lease and the sale though advertised in the name 'Watland and Rasmussen,' was merely a sale of their joint property for the purpose of converting it into money and closing up the tenancy."

Neither the plaintiff nor the defendants contend that a relationship of partners between the Engs at any time existed. This court has consistently construed an arrangement such as between Arnold Eng and his father as constituting a landlord-tenant relationship rather than a partnership or joint venture. Johnson v. Watland, supra; Florence v. Fox, 193 Iowa 1174, 1177–1179, 188 N.W. 966; see annotation 131 A.L.R. 508, 516; 52A C.J.S. Landlord and Tenant § 798, page 330; Wilson v. Fleming, 239 Iowa 718, 733, 31 N.W.2d 393.

■ The peculiar circumstances of the arrangement with respect to the hogs which were sold by the junior Eng presents an unusual fact situation. The hogs in question were purchased by the landlord and brought on the farm to be fed for market and later sold. The tenancy arrangement provided that the proceeds of the sale of the hogs were to be shared equally between the landlord and tenant. The tenant was required to reimburse the landlord for half of the cost. The trial court concluded, and we agree, that under such an arrangement both the landlord and tenant would have a right to demand and receive from the buyer of the hogs his own individual share of the proceeds of the sale thereof. This situation removes the matter before us from the application of the cases cited by the plaintiff, all of which had to do with the classic "crop-share" leasing arrangement. Under the cases cited by plaintiff, specifically Riddle v. Dow, 98 Iowa 7, 66 N.W. 1066; Rees v. Baker, 4 G.Greene 461; Randall v. Ditch, 123 Iowa 582, 99 N.W. 190, it seems to be well established that a landlord under a crop-share rental arrangement has no ownership or title to his rental share of the crops until the landlord's share has been set aside to him. We are presently, however, considering a situation where the landlord had a direct and immediate interest in the ownership of the property sold, which he owned at his death and which was an asset of his estate and therefore under the dominion and control of his fiduciary. Therefore, it necessarily follows that irrespective of the fact the fiduciary owned an interest therein also in his individual capacity, in consummating a sale of the same the fiduciary was acting not only for himself but also for the estate he represented.

■ II. The appellant asserts three separate propositions upon which it relies for reversal: (1) Error of the trial court in holding that under a stock-share or crop-share lease the landlord and tenant own the crops, livestock and produce as tenants in common until the division is made; (2) The trial court erred in holding the defendant Arnold H. Eng was acting within the scope of his duties as executor at the time of the collision between the estate-owned automobile and the truck owned by the Mason City White Truck, Inc.; and (3) The trial court erred in overruling

plaintiff's motion to amend ultimate findings and conclusions and to modify its original judgment. We feel we have disposed of all of the above propositions in concluding the property sold, namely, the hogs, were owned by both the estate and the executor thereof in common ownership and it necessarily follows that at the time of the happening of the collision the executor was operating the automobile on business of the estate he represented. The judgment of the trial court is, therefore, affirmed.

Affirmed.

All Justices concur.